## MANNING v. HORR et al.

1. Appeal: TRIAL ON APPEAL. Proceedings to foreclose mortgages, being triable by the second method, can be reviewed in the Supreme Court only upon questions of law founded upon exceptions taken on the trial below.

*Appeal from Davis District Court.*

WEDNESDAY, DECEMBER 21.

THE material facts are stated in the opinion.

*Weaver* for the appellant.

No appearance for the appellee.

LOWE, J.—The record presents no question whatever for our determination. It is the foreclosure of a mortgage,

1. APPEAL: in which the mortgagors, Glen, the surety on the trial on appeal. bond, and various judgment creditors, are made defendants; some of these defendants being served personally, and others brought in by publication, all of whom make default except the defendants Phelps, Bliss & Co., who are judgment creditors, and who filed an answer to the effect that plaintiff's claim had all been paid off, and that this foreclosure had for its object the fraudulent purpose of shielding the mortgage premises from the other creditors of the mortgagees, together with some other matters. The defense failed, and a judgment of foreclosure against the mortgagors, and J. R. Glen, the surety on the bond, was rendered in favor of the plaintiff for the sum of $1930\frac{46}{100}$, by default.

Afterwards the defendant Glen made a motion, supported by affidavit, to open up the default as to him, but this motion he did not press, nor was there any action taken upon it by the court.

Yet, of all the defendants, Glen is the only one that appeals to this court; upon what question of law or ruling of the court, we cannot learn from the record. Although an equitable case, it is tried after the second method, and can only come here upon errors of law founded upon some exception taken below. The record discloses no objection taken to any part of the proceedings. We have no question, therefore, before us that was raised in the court below.

The appellant's assignments, however, are that the court erred in its decision of the issue of facts between plaintiff and the defendants, Phelps, Bliss & Co. But Phelps, Bliss & Co. did not below, nor do they here, complain of the court's decision.

If it was competent for Glen to volunteer to have corrected an error of fact against them, still it would be out of the question for us to review such an error in the absence of the testimony. The case must be             Affirmed.