[No. 2,354.]

## MARIA DE JESUS GUEDICI *v.* WILLIAM BOOTS.

MISTAKE IN CARRYING OUT PARTITION ACCORDING TO AGREEMENT — EQUITABLE DEFENSE TO EJECTMENT. — Where Guedici, Boots, and others, owners of a tract of land in common, entered into a partition agreement, according to which Commissioners were to divide the land so as to allow Boots to retain a certain portion then in his possession, but the Commissioners in carrying out the agreement, by a mistake in running the line agreed upon, cut off a portion of Boots' share, and gave it to Guedici, and the partition deeds executed between the parties followed the lines of the Commissioners, and the mistake was not discovered until afterwards; *held*, in ejectment by Guedici against Boots for the strip so by mistake cut off of his portion, that the facts constituted a good equitable defense, and that upon being properly set up and proved Guedici could not recover.

EXECUTION OF PARTITION DEEDS UNDER MISTAKE, WHEN NOT A "FINALITY."—Where a partition agreement fixed upon a certain line as dividing off the interest of one of the parties, but in carrying out the agreement a mistake was made in running this line so as to cut a portion of the land it was agreed he should have, and the mistake was carried into the partition deeds, and not discovered until afterwards; *held*, that the proceedings did not, under the circumstances, become a "finality," but that the party was entitled to relief in equity.

APPEAL from the District Court of the Third Judicial District, County of Santa Clara.

The southerly line of the land purchased by the defendant, Boots, of Rafael Alviso, and which it was stipulated in the partition agreement he was to retain in severalty, ap-

pears to have been run and·surveyed, and should have been
described in courses and distances, as follows:  Beginning
at a post marked "B. No. 1,".in the center of the Coyote
Creek, from which a sycamore tree, three feet in diameter,
bears north 63° 15' west, one chain distant, and running
thence south 89° 45' west 59.40 chains to a post marked˙
"B. No. 2."  The mistake consisted in leaving out the
words and figures, "north 63° 15'" and "south 89° 45'."
The result was the cutting off of about three acres of Boots'
land, which constituted the property in controversy.  A
judgment of ejectment having been rendered for plaintiff,
the defendant appealed.

*F. E. Spencer,* for Appellant.

The partition agreement refers to the conveyance from
Rafael Alviso to William Boots, and in effect adopts the
description therein contained.  (*Vaver* v. *Fore,* 24 Cal. 435;
*Allen* v. *Bates,* 6 Pick. 460.)  That description is an artificial
landmark, clearly identified, that is to say, a fence.  The
other description is by courses and distances; and the two
differing, the former will govern.  (*Colton* v. *Leavy,* 22 Cal.
496.)  But even if this were doubtful, the fact that defend-
ant has occupied up to the fence is presumptive evidence of
the true place of the line.  (*French* v. *Pearce,* 8 Conn. 439.)

It was clearly the intention of all the parties in interest
that Boots and Fogarty should have in severalty the land
described in the deeds to them; and such being their inten-
tion, as expressed in their written contract, if a mistake has
occurred, it is the duty of the Court to correct it, and carry
out the intention of the parties.  As between Boots and
Fogarty on the one side and the other tenants in common
on the other, the transaction was not a partition, but simply
an act recognizing and validating the conveyance of one of
their cotenants.  It partook of the character of a partition
only as between the others.  (1 Story Eq. Jur. Secs. 140,

160, 162; *Pierson* v. *Cahill*, 23 Cal. 249; *Hathaway* v. *Brady*, 23 Cal. 121.)

*D. M. Delmas*, for Respondent.

There is nothing in the transcript to show that the Court below erred in dismissing the cross complaint. All the tenants in common, including the defendant, joined in the conveyance to Wright, in which they agreed that "said land shall be partitioned and divided among them, and they shall henceforth have and hold in severalty the parcels hereinafter described as the parcels to be set apart to each of them;" and, also, that Wright was to convey to said parties in severalty these several parcels of the said premises "which are hereinbefore described as the respective parcels which shall be held by the said parties respectively in severalty." Wright followed those descriptions. The legal ownership of the whole tract was vested in him, and he afterward conveyed to defendant a part of that tract. The question in the action at law is: Does the defendant, by virtue of that conveyance, own any more of that tract than was conveyed to him? I submit that to this question there can be but one answer.

By the Court, WALLACE, J.:

The plaintiff recovered in the Court below, on the trial of the action, a small tract of land which is included in the southerly half of the Rancho "Rincon de los Esteros," in Santa Clara County, of which southerly half she and others (among whom was Rafael Alviso), were formerly owners and tenants in common.

The defendant, Boots, had purchased of said Alviso, a defined portion of the lands of the estate in common, and entered into possession of the tract so purchased, occupying it according to its boundaries, as set forth in the conveyance

made to him by Alviso, which was a conveyance in fee, and which described the tract as bounded on its southerly side by a fence dividing it from another tract called the "Bloomfield Claim." Under this condition of things, Boots, and all the tenants in common, agreed with each other that three named persons, chosen as Commissioners, should make partition of the premises, between the tenants in common, according to their respective interests, and that Boots should hold, in severalty, the specified parcel purchased by him from said Rafael Alviso. The Commissioners proceeded to make the partition, and, also, as they supposed, to set off to Boots the tract of land which the agreement had already determined to be his. In so doing, however, they undertook to define each of the several tracts by calls and distances, and by a mistaken call they ran the southern boundary line of the land of Boots to the north of the fence, which was its true southern line, as laid down in the Alviso deed and confirmed by the agreement under which the Commissioners acted. These descriptions, by calls and distances, having been reported by the Commissioners, and no mistake being discovered or suspected, the parties in interest, among them the plaintiff and the defendant, Boots, in order to effect the partition intended, conveyed the premises (being the entire southern half of the rancho,) to one Wright, reciting in the deed to him that they had "agreed that the said Boots and Fogarty (who had also purchased a several tract from said Rafael Alviso,) shall hold in severalty the said parcels so purchased by them as aforesaid, from said Alviso." The deed to Wright was upon the trust therein expressed, that he should convey to each of the grantors the tract of land to which such grantors would be entitled according to the report of the Commissioners. These conveyances the trustee, Wright, subsequently made, and in so doing he followed the calls and distances reported by the Commissioners, and which were set forth in the deed to him defining the particular tract

thereafter to be conveyed by him to each. The result was, that the conveyance, as made by the trustee to Boots, did not include in its description all of the land which he had purchased from Alviso, but only a part, though by far the larger part of it, and that a portion of it was included in the deed made by the trustee to the plaintiff, to whom the tract next adjoining the Boots tract on the south had been assigned by the Commissioners. It is this small tract, lying between the fence and the mistaken line of the Commissioners to the northward of the fence, which the plaintiff, relying upon her legal title, recovered in the Court below. The defendant set up the foregoing facts as an equitable defense and as a cross complaint, upon which he prayed that the plaintiff should be directed to convey the premises in controversy to him. The learned Judge of the Court below denied this, or any relief to the defendant, and to review the determination in that respect this appeal is brought.

If respect be had to the agreement made between all the parties in interest—including the plaintiff and the defendant, Boots—it is obvious that the pretensions of the plaintiff in the premises cannot be maintained. For it is distinctly provided by the terms of that agreement, that the defendant, Boots, is to hold in severalty the land which he had purchased of Alviso, and of which he was already in the possession. I am unable to see how this agreement subsequently became inoperative between the parties to it. The selection of the Commissioners—their steps taken to effect a partition—their report to the parties in interest, describing, as they supposed, and as all parties supposed correctly describing, the tract already set off to Boots by the agreement itself; the adoption of that report by all parties, in the belief that it did accord with the agreement in the particular in question here; the conveyance thereupon made to Wright in trust, and his subsequent conveyance in turn, made to Boots, of the tract, as was supposed, already designated by the agree-

ment, were but steps taken to carry the agreement itself into effect, and were not intended to modify its terms, or substitute a new one in its stead. Had the mistake in the call of the southern line of the Boots tract been discovered before Wright executed the deed, by which the erroneous line was fixed between the plaintiff and Boots, it might, according to the view of the Court below, have been corrected, but not after then; because, as is said, at that point "the proceedings became a finality." If Boots had known of the mistake and had failed to make timely objection to the erroneous line, but had knowingly permitted it to be carried into the Wright deed, it might have been too late for him to object after that; but here the mistake was not discovered by any one then; the possession of Boots was always in accordance with his true boundary, and the plaintiff cannot be permitted to disturb him, in the face of her agreement that he should have the land according to the lines of the Alviso deed as made to him.

The judgment is reversed, and the cause remanded with directions to set aside the order dismissing the cross complaint, and for further proceedings not inconsistent with this opinion.