WESTERN *et al. v.* SKILES.

(*Circuit Court, W. D. Missouri, W. D.* August 6, 1888.)

1. CONTRIBUTION—BETWEEN TENANTS IN COMMON—PARTITION—LOSS OF PURPART.
 Where in partition proceedings brought about by one defendant, one of several tenants in common, the property is so allotted that portions which had been sold by defendant and complainants' ancestor were alloted to complainants, who were ignorant of such sales, and who have in consequence lost title to the lots so partitioned to them, a bill in equity may be maintained by them for contribution.

2. SAME—PARTIES.
 In an action for relief for the fraud practiced in the partition proceedings by the defendant, parties to that proceeding, to whom portions of the land claimed by the tenant in common were allotted, are not necessary parties, where it does not appear that they were parties to the fraud, or that they did not own the lots assigned to them, or that any right of contribution would exist against them.

In Equity. On demurrer to bill.

Action for relief for alleged fraud practiced, in partition proceedings, against Elgin U. Western and others, the complainants, by the respondent, Henry H. Skiles.

*Matthews & Meriwether* and *Elgin U. Western,* for complainants.

*D. B. Holmes,* for respondent.

PHILIPS, J. The principal grounds of demurrer are that the bill does not state facts sufficient to give the complainants a standing in a court of chancery; that it seeks to annul and set aside the judgment of the state court, having jurisdiction over the subject-matter and the parties, and that all the parties to that judgment are not before the court; and that, as for any matters alleged in the bill entitling the complainants

to any relief as against the respondent, they have an adequate and complete remedy at law. The demurrer is a general demurrer, going to the whole bill, and as such it must stand or fall as an entirety.

The bill contains several matters for which relief is asked. In the first place, it is distinctly alleged that, in the partition proceedings brought about in the state court by the defendant, the property held by him and the complainants as tenants in common was so allotted by the commissioners and the decree as to assign to the complainants certain named lots which had hitherto been sold and conveyed by the respondent and complainant's ancestor, through whom they inherited their interest, and other lots which had been contracted away by respondent and said ancestor in his life-time; that this fact was well known to the respondent at the time of said partition proceedings, but was not known to these petitioners; that in consequence of such conveyances and contracts they have since lost the said lots so partitioned to them, to the extent of such prior conveyances and contracts of sale. This, without more, is sufficient to give these complainants standing in a court of equity for contribution as to such loss. At common law, on failure of title after partition, and eviction from the purpart allotted to him, the heir had the right to re-enter and defeat the partition, or to obtain recompense from the coparceners for the part lost. Rawle, Cov. (4th Ed.) 473; Co. Litt. 174*a*. By St. 31 Hen. VIII., this right of contribution was extended to tenants in common and joint tenants; but the right was limited to warranty and recompense without the right of re-entry and to defeat the partition. Rawle, Cov. 474; *Ross* v. *Armstrong*, 25 Tex. Supp. 372. In modern practice the right of action at law on the implied warranty seems to have been abandoned; and the remedy by bill in equity for contribution seems to have become the accepted doctrine. So much so is this the case that in *Ross* v. *Armstrong*, 25 Tex. Supp. 372, the court says:

"We have been able to find no precedent for an action of covenant upon such implied warranty. It then necessarily follows that, where there has been a partition between tenants in common, and there is a failure of title, such relief must be given by bill in a court of chancery, or it must be altogether denied,—a thing that justice and equity will not permit. It seems to us that a court of chancery is peculiarly adapted to give relief, which is upon the principle of contribution,—a subject over which such courts have so long had almost exclusive jurisdiction. We, therefore, think the remedy in a court of chancery, either by setting aside the partition when improperly made, and it can be done without injustice to others, or by contribution, when it is most proper."

This principle of equity jurisprudence and chancery practice is quite universally recognized in England and in this country; and I find numerous adjudications applying it to instances quite like the one at bar. *Manning* v. *Horr*, 18 Iowa, 118; *Adair* v. *Cummin*, 48 Mich. 380, 12 N. W. Rep. 495; *Dugan* v. *Hollins*, 4 Md. Ch. 139, 147; *Sawyers* v. *Cator*, 8 Humph. 256; *Nixon* v. *Lindsay*, 2 Jones, Eq. 233; *Boyd* v. *Doty*, 8 Ind. 370; *Douglass* v. *Viele*, 3 Sandf. Ch. 439; *Guedici* v. *Boots*, 42 Cal. 452; *De Louis* v. *Meek*, 2 G. Greene, 55; *Smith* v. *Sweringen*, 26 Mo. 551; *Johnson* v. *Waters*, 111 U. S. 640, 667, 4 Sup. Ct. Rep. 619.

Another matter of relief set up in the bill is the allegation that the partition proceedings were so managed and manipulated by the respondent, with a view of obtaining an unconscionable advantage over the relators, that as to the lots apportioned by the commissioners in partition the respondent secured to himself a most unjust and unequal division as against relators,—the lots so obtained by him being greatly in excess, as to valuation, over those allotted to relators; and the bill asks for relief against him on this account, and for an equitable accounting. This presents some very nice questions as to how far this court can go in this action to review the result of the decree of the state courts in the partition suit. On the one hand it is contended that this is an attempt to have the federal court review and nullify a judgment of the state court, which power of this court is denied; and, further, it is claimed that even if such power of jurisdiction were conceded, the matters complained of necessarily pertain to the evidence which led to the judgment of the state court; and the presumption of law is that such matters were considered by that court, in which case a bill in equity would not lie to set aside such decree. On the other hand it is contended by the relators . that the object of this bill is not to nullify the decree in partition, but that it only seeks to proceed *in personam* against respondent, whose fraudulent devices, concealments, and management brought about the inequitable decree and unequal division of the property, which facts were concealed from the court rendering the decree, as also from these relators, who were minors residing in a distant state, and trusting to the good faith and conduct of the respondent, who, in fact, represented their rights and interests in the partition proceedings. Accepting the averments of the bill to be true, there are decisions of courts of high character which seem to make this a case for equitable relief, while there are authorities which seem to question it. It is difficult to lay down in such cases a general rule of law; the facts of each particular case having much to do with the application of the principles of law. We think it wise and prudent to reserve our opinion on this question until final hearing.

It is also alleged in the bill that, by mistake of the commissioners in their final report, upon which the final decree was based, two lots were improperly assigned to the respondent, and an accounting in respect to them is asked. We are not clear but that had a special demurrer been lodged against this part of the bill it would have been well taken, as no fraud is alleged against the respondent by which this result was brought about; and while the decree of the state court might have been corrected in this particular, by proper and timely proceeding, we question the right of this court in this action to rectify the same. This will be reserved until the final hearing.

It is finally contended by respondent that all the necessary parties are not before this court; that Swope and others, who were parties to said partition proceedings, and to whom part of the lots claimed to have been owned by Skiles and relators' ancestor were set apart, should be made parties defendant. This objection would be well taken if this ac-

tion is to be regarded as a proceeding to vacate said judgment, or if any relief were sought as against said Swope and others; but, from aught that appears on the face of the bill, the said Swope and others were not parties to any of the frauds or wrongs alleged against the respondent, and there is nothing to show but that the lots assigned to to them in the decree in partition properly belonged to them, or that any right of contribution in favor of relators and respondent for the loss of the lots alleged in the bill would lie against them. And until such fact becomes apparent in the investigation we cannot say they should be brought into this controversy.

It follows that the demurrer is overruled.