WILLIAM ADAIR v. JAMES CUMMIN, PATRICK GALLAGHER, OWEN GALLAGHER, ISAAC GALE, JOHN DAWSON AND WILLIAM McKELLOP.

*Equity pleadings—Bill to vacate decree of partition for fraud—Parties.*

Where a bill in equity calls for an answer on oath, and an unsworn answer is put in to which complainant makes replication without objecting, the effect is to permit the answer to stand as unsworn pleading.

Where defendants have duly answered a bill filed to set aside a partition, they cannot, after decree, raise the objection for the first time that they had no notice of the hearing of the petition for leave to file the bill.

An original bill in the nature of a bill of review will lie to set aside a partition where the commissioners appointed to make it acted fraudulently in dividing the property and deceived the court, and defendants ratify their act and insist on retaining the benefit of it.

A decree cannot be set up in bar of a proceeding to set it aside for fraud.

A bill filed to set aside a partition for the fraud of the commissioners appointed to make it may properly ask that the relief be extended to the abrogation of the order by which the commissioners were appointed.

It is not error, though perhaps not necessary, to implead the commissioners in partition as defendants to a bill to set it aside for their fraud in dividing the property.

The good faith of commissioners in making partition is a question that may be determined by circumstances; the evidence of legal fraud need not be specific.

Where commissioners appointed to make partition divided the land equally, but so that one share was worth twice and a half as much as the other, and contained 200 acres of upland with 174 under cultivation and 30 acres of lowland and about 20 of swamp, while the other consisted of 60 acres upland with 9 acres cleared and about 180 acres of marsh and swamp, it was *held* that the inequality was so great as to amount to fraud, and the partition, though confirmed, might be set aside.

Where no attempt is made to meet complainant's evidence in a suit to set aside a partition for fraud, its accuracy is substantially admitted.

A party to a partition is not at fault for assuming that the commissioners appointed to make it have acted impartially.

Where an award of partition is so extravagantly one-sided as to shock the conscience and there is no pretence of justification, it must be *held* fraudulent in law whatever the purpose of the commissioners may have been in making it.

Appeal from Shiawassee. Submitted April 12. Decided June 7.

BILL to revive partition proceedings. Defendants appeal. Affirmed.

*Charles B. Lothrop* for complainant.

*Gilbert R. Lyon* for defendants.

GRAVES, C. J. For many years prior to May 14, 1878, complainant and defendant Cummin owned in common the S. ½ of sec. 13 and the N. E. ¼ of sec. 24 in township 5 N., of R. 2 E., Shiawassee county. Cummin's interest was under mortgage to defendants Gallagher and at the date mentioned the complainant filed his bill against Cummin and said mortgagees in the circuit court for the county of Shiawassee, in chancery, to obtain partition. Such proceedings were had that partition was decreed and on the nomina-

tion of the parties through their solicitors the defendants
Gale, Dawson and McKellop were appointed commissioners.
January 7, 1880, they reported that they allotted to Cum-
min the south quarter of the south half of section 13 and
all the northeast quarter of section 24, and to complainant
the north three-quarters of said south half of section 13, and
that the lien of the mortgage held by defendants Gallagher
should remain attached exclusively to the premises so allot-
ted to Cummin.   The report was not objected to and the
court entered a decree confirming it and establishing the par-
tition as made by it, and on the 19th of February, 1880, the
decree was enrolled.

In September following the complainant petitioned the
court for leave to file a bill impeaching the decree for fraud
and in October the court passed an order granting leave and
this bill was then filed.   The defendants Gale and Cummin
suffered it to be taken as confessed, but the others answered.
The bill called for answers on oath, but those put in were
not sworn to and complainant raised no objection and filed
the usual replications.   The effect was to permit the answers
to stand as unsworn pleadings.   *Morris v. Hoyt* 11 Mich. 9.
The parties actively contending went into evidence and on
final hearing the court set aside the decrees, both interlocutory
and final, as vitiated by fraud, and decreed that complainant
and defendants Cummin and Gallaghers were restored to
their former respective rights.   The defendants Gallaghers
and Dawson and McKellop appealed.

The record contains no evidence that defendants had
notice of the hearing of the petition which preceded the
bill and it is now objected that the omission of it involves
the failure of the whole case.   It does not seem that any
question on this ground was suggested in the court below,
although the appellants must have known whether they had
received notice or not.   They did not deny being notified,
but went on and answered and proceeded as though they
had been, and now they cannot go back and allege the con-
trary whereby to impeach their own practice as well as that
of complainant.

The case is that of an original bill in the nature of a bill
of review, and the essence of it is that the commissioners
appointed by the first decretal order acted fraudulently in
dividing the property and deceived the court and led it to
cover their misconduct with the formal sanction of a decree
and that the mortgagee defendants and Cummin support
and ratify this misconduct and insist on having and retain-
ing the benefit of it.   The aptness of the bill in view of the
equities relied on is clear enough.   *Eveland v. Stephenson*
45 Mich. 394; *Richmond v. Tayleur* 1 P. Wms. 734; *Gal-
ley v. Baker* Cas. Temp. Talb. 199; *Barnesly v. Powel* 1
Ves. Sr. 119; *Manaton v. Molesworth* 1 Eden 18; *Mussel
v. Morgan* 3 Brown Ch. 74 (Perk: ed.) 65; *Kennedy v.
Daly* 1 Sch. & Lef. 355; *Harrison v. Corporation of
Southampton* 21 E. L. & E. 343; *Pearse v. Dobinson* L. R.
1 Eq. Cas. 241; *Colonial Bank of Australasia v. Willan* L.
R. 5 Privy Council Cases 417: 9 Eng. 225; *Flower v.
Lloyd* 6 Ch. Div. 297: 22 Eng. 824; *French v. Shotwell* 5
Johns. Ch. 555; *Loomer v. Wheelwright* 3 Sandf. Ch. 135;
*Pitcher v. Carter* 4 Sandf. Ch. 1; *Galatian v. Cunning-
ham* Hopkins 48; *Dobson v. Pearce* 2 Kern. 156; *Hack-
ley v. Draper* 60 N. Y. 88; *Verplanck v. Van Buren* 76 N.
Y. 247; *Carneal v. Wilson* 3 Litt. 85; *Terry v. Commer-
cial Bank of Alabama* 92 U. S. 454; *Pratt v. Northam* 5
Mason 95; *Clark v. Underwood* 17 Barb. 202; Mitf. Pl.
93; Story Eq. Pl. §§ 426, 428; Daniell Ch. Pr. 173 note 2,—
1584, 1585; Adams Eq. top paging 33; *Earl of Bandon
v. Becher* 3 Cl. & Fin. 479.   Some of these authorities have
a very close application.

The cause of action here is not the same as in the par-
tition case.   The matter in question there was on the exist-
ence of a state of things giving the right to partition and on
the principles which should govern in making it.   But the
question here is whether the commissioners did not in fact
contemn those principles and commit what amounted to a
fraud on the court and on complainant, and whether Cum-
mins and the mortgagees have not connived and in the view
of equity made themselves parties to the wrong.   The case

assails the decree as vicious on account of the alleged vice through which it was brought about and on which it was founded, and it cannot be set up to bar proof of its own fatal contamination. When the matter which is being tried is whether the ground of a decision can or cannot sustain it the decision itself is no authority. The charge against the commissioners carries with it a necessary implication that their authority ought to be revoked and hence it was proper to ask an extension of the relief to the abrogation of the order by which they were appointed. The theory of the case would not authorize anything less radical. It may not have been necessary to join the commissioners, but the doing so was not error. Daniell Ch. Pr. 297, 298, 322; Story Eq. Pl. § 232. There seems to have been no serious fault in the procedure by complainant.

The case is next to be considered with reference to the facts and circumstances. The circuit judge was convinced by them that the assailed proceedings were fraudulent, and the general question, which cannot be turned aside, is whether this court is ready to disagree with him and by setting his decree aside to virtually restore the partition.

The commissioners were not clothed with any despotic power. They were in a situation of trust and confidence described by statute and subject to the principles which vitalize the moral equity of the law. They were bound to apply their experience and judgment faithfully and fairly to the case, and to execute honestly and impartially the trust reposed; and by such means to divide the estate and allot the portions and shares to the parties, quantity and quality relatively considered, according to the respective rights and interests of the parties. We have seen already what division they made. But how it is in point of justice, and whether in making it they acted in good faith or otherwise is yet to be considered. If it so happened that they innocently went astray in the forum of judgment, and fell into error through mere injudiciousness, the result is not impeachable on this bill. On the contrary if they went seriously wrong with their eyes open and made a division

which plainly affronts common sense and all our ideas of justice a case for relief is presented. In order to settle this and find whether they did or "did not ignore their duty and proceed fraudulently we are to judge by the surrounding facts and the course they elected. We are to look at their act and see whether it can be rationally credited either to good faith or a mere blameless lapse from propriety, or whether we are bound to regard it as a fraud in the sense of equity. To fix the latter character upon it the evidence need not be specific. The conclusion may be drawn from incidents. *Rea v. Missouri* 17 Wall. 532; *Humes v. Scruggs* 94 U. S. 22; *Hennequin v. Naylor* 24 N. Y. 139.

The complainant resided in Detroit. He was not acquainted with the character of the land and was not able to form any opinion of the equity of the division from the statement specifying the tract assigned to each party. His solicitor having charge of the case resided in Detroit and was no better informed; and it does not appear that another gentleman who seems to have been loosely connected with complainant's interest, either knew much about the matter or felt any special solicitude in regard to it. In any view which the facts will authorize his relation to the case has no special importance.

The entire premises, as we have seen, consisted of 480 acres, and the award, as formerly noticed, gave to each co-owner one equal half in quantity. The quality is seen at once by going upon the land. Of the share allotted to complainant about sixty acres are upland with some nine acres cleared, while the residue of about one hundred and eighty acres is marsh and swamp. The part assigned to Cummin on the other hand embraces two hundred acres of upland with one hundred and seventy-four acres under cultivation, and thirty acres only of lowland and about twenty of swamp.

But the inequality thus indicated by the disparity in character of the land and in the quantity under improvement is further illustrated by the difference in value. Seven witnesses testify on the subject and according to their evidence the share assigned to Cummin is worth all of

twice and a half as much as the share set off to complainant. The entire showing respecting the quality and value of the property and the inequality of the partition was made by complainant, and the way was clear for appellants to make a counter showing or to adduce mitigating evidence if the truth permitted. But no attempt has been made to break the force of complainant's evidence or to furnish ground for argument that the commissioners kept within the range allowed for diversity of opinion. The accuracy of complainant's exposition is therefore substantially acknowledged. *Page v. Stephens* 23 Mich. 357 ; *Wallace v. Harris* 32 Mich. 380 ; *Smith v. Brown* 34 Mich. 455 ; *Heath v. Waters* 40 Mich. 457; *McDonough v. O'Niel* 113 Mass. 92.

The greatness of the inequality in value did not depend upon obscure causes which might escape attention ; but on conditions no observer could overlook. It was so evident that no man of common sense could fail to discern and mark it after inspecting the property, and there is no pretence that the appealing commissioners were not perfectly aware of the proved difference between the shares. Mr. Gale was somewhat enfeebled and he confined his inspection to such view as he was able to obtain in passing along the road bordering the land on a part of one side. The others made a more particular examination, as the proof indicates, and he confided in their representations ; and finally acceded to their wishes and explanations and gave up a scheme of his own and accepted theirs, which is the same that is the subject of complaint. They represented, as he testifies, that if any choice existed, their allotment was more favorable to complainant than to Cummin, and he relied on their representation, and soon after the award was handed in he expressed his opinion of the justice of the partition to the solicitor of complainant and repeated what his associates had said. The solicitor communicated this information to complainant, and no reason presenting to induce suspicion of any misdoing the proceeding was allowed to be silently confirmed.

The complainant was not in any fault for assuming that the commissioners had acted faithfully and blamelessly, and

that the partition they had made was impartial and well
considered. He was not to suppose that the division they
had made and solemnly reported to the court as one that
was just and equal and had recommended to him as emi-
nently in accord with his interest was yet most intemperate
and injurious, and that the formal representation to the
court and the informal information to himself were alike
deceptive and misleading. We see from what has been said
that the alleged demerit of the allotment is not only undis-
puted but is substantially confessed, and that no defence
whatever of the act itself is found in the record. Had the
truth about the proceeding been made known to the court
there would have been no confirmation. On the contrary
the partition would have been rejected instantly on account
of its glaring injustice. This is not denied. But the claim
is asserted that the court is now powerless to redress the
wrong. We think differently and are disposed to agree
with the court below that the misdoing amounted to fraud
and is sufficient to justify ample relief. It has long been
admitted by the courts of common law that a fatal bias in
the jury may be inferred from the extreme unreasonableness
of the verdict. 1 Graham & Waterman on New Trials 442
*et seq.* And it is a well-known rule in equity that where
there is such gross inadequancy of consideration as shocks
the conscience it is sufficient to imply fraud. *Byers v.
Surget* 19 How 303–311; *Van Cortlandt v. Underhill* 17
Johns. 405; Story's Eq. § 246.

By fair analogy the case before us is subject to similar
reasoning. The award is so extravagantly one-sided as to
shock the conscience, and considering all the circumstances
the inference must be of the same nature as both law and
equity draw from kindred premises. Indeed, the case seems
to be impelled to this end by its own gravity. There is
no pretence of vindication and the unquestioned wrong is
abandoned to the inference that it originated in the will of
those who were engaged in the act. The record will tolerate
no other explanation.

In conclusion it may be just to observe that it is not the

meaning of the court that the commissioners were really actuated by a specific and sedate design to perpetrate a cheat. But the view is that they fully intended to act precisely as they did, and that whatever notion was in point of fact in their minds the court in judging of the proceeding in reference to its quality in equity is bound to construe it as fraudulent.

The result is that the decree should be affirmed with costs.

The other Justices concurred.