**RAMSEY et al. v. McKAMEY et al.**

**No. 10676.**

Court of Civil Appeals of Texas. San Antonio.

Jan. 31, 1940.

Rehearing Denied March 13, 1940.

Walker & Hammett, of Lampasas, for appellants.

R. H. Hamilton, of Port Lavaca, and E. B. Ward, of Corpus Christi, for appellees.

NORVELL, Justice.

This is a suit filed December 24, 1938, by Mrs. Elma Ramsey and others, appellants, against T. A. McKamey and John S. McCampbell, appellees, seeking a re-partition of certain lands in the Juan Armendaris Survey, San Patricio County, Texas. The trial court sustained a general demurrer to the petition and upon appellants' refusal to amend, dismissed the suit, hence this appeal.

In the stricken petition it was alleged, that during the year 1910 a judgment was entered by the District Court of San Patricio County, in cause No. 1410, on the docket of said court, and that in 1915, in cause No. 1741, the same court entered another judgment. Copies of the proceedings in both cases were attached to the petition and made part thereof for all purposes.

From these exhibits, it appears that in cause No. 1410, J. W. and T. A. McKamey brought a suit against Southwestern Land and Cattle Company for partition of that part of the Juan Armendaris Survey lying south and west of Rincon Bayou. The Commissioners of Partition found that the tract of land involved contained 540 acres, and divided the same into two tracts, purporting to contain 270 acres each. One tract was awarded to the Land and Cattle Company and the other to the McKameys.

It also appears that in cause No. 1741, J. W. and T. A. McKamey brought a second suit for partition of the property, naming as defendants, John S. McCampbell and certain minor children, as well as the Southwestern Land and Cattle Company. The court found that the parties to the suit were the sole owners of the tract involved and entitled to partition thereof. Commissioners of partition were appointed, who "found upon survey that said tract of land contains 540 acres," which was divided into three tracts, each of which was described by metes and bounds. Tract No. 1, supposedly containing 72 acres, was awarded to the minor defendants, Tract No. 2, said to contain 198 acres, was awarded to the McKameys, and Tract No. 3, said to contain 270 acres, was allotted to Southwestern Land and Cattle Company. The Commis-

sioners' report of partition and division was duly approved by the court.

Appellants plead that they are the owners of Tract No. 3, awarded to the Land and Cattle Company; and that appellee T. A. McKamey owns tracts No. 1 and 2, except for a royalty interest in 72 acres owned by appellee McCampbell, by virtue of a conveyance from McKamey.

Appellants also pleaded that the Juan Armendaris was a junior survey to certain adjoining surveys, and that the calls of the senior surveys limit the lines of the Armendaris Tract; that the County Surveyor of San Patricio County, on February 15, 1938, made a resurvey of that part of the Armendaris Survey lying south and west of Rincon Bayou, which disclosed that said tract contained 377.4 acres, rather than 540 acres.

■ Appellants did not plead that they were ousted from the lands awarded to Southwestern Land and Cattle Company, by the assertion of paramount title on the part of the owners of the senior surveys. For this reason it seems that no cause of action was stated upon the expressed or statutory warranties of the former partition decrees.

O'Conor v. Sanchez, Tex.Com.App., 229 S.W. 309.

Appellants further plead that no actual survey was made upon the ground at the time of the two partitions; that the fact that the tract involved included only 377.4 acres instead of 540 acres was not known to the court, nor to any of the parties at the time the former partitions were made; that such fact was not discovered until the 1938 survey; that none of the parties had occasion to locate the lines of the tracts set aside by the partitions upon the ground, as the same were unfenced and no improvements were situated thereon; that there existed no fact which would put appellants upon notice that a shortage existed. Appellants say by way of conclusion that the former partitions "were based upon a mutual mistake of fact."

Appellants pray that commissioners be appointed to re-partition the property and that one-half of 377.4 acres be set aside to them. Appellants do not pray that the former judgments be set aside or vacated.

■ The doctrine of res judicata may be invoked by general demurrer when a peti-

tion discloses that the matters therein set out have been adjudicated by a previous judgment. 26 Tex.Jur. 330.

The exhibits attached to the petition here show that a certain specified tract of land, definitely described by metes and bounds, was allotted to appellee and his predecessors in title, by former judicial decrees. The decree of 1910 may have been void for lack of necessary parties. Such an inference may be drawn from the fact that a second suit was filed in which additional parties were made. The 1915 decree (cause No. 1741), however, as pleaded by appellants, was at the most only voidable.

As long as that decree stands, appellants cannot obtain the relief prayed for herein. The parties to the present suit are the same as, or in privity with, the parties to cause No. 1741, and therefore the judgment and order in that case cannot be attacked collaterally. 25 Tex.Jur. 681; Burton v. McGuire, Tex.Com.App., 41 S.W.2d 238; 32 Tex.Jur.159.

It seems that one of the primary tests of whether or not a subsequent suit is a direct attack upon a former judgment is the nature of the relief sought. 25 Tex. Jur. 586. Here the prayer of the petition does not request that the judgment rendered in cause No. 1741 be set aside, and the general demurrer to the petition might well be sustained upon that theory. Considering the petition as in effect requesting that the judgment in cause No. 1741 be vacated, the sustaining of the demurrer was correct upon another theory.

Appellants appealed to a court of equity for relief against a judgment over 23 years old, saying by way of conclusion the said judgment was "based upon a mutual mistake of fact as to the subject matter involved." In order to invoke the aid of a court of equity for the correction of a judgment entered as a result of "mutual mistake," appellants must necessarily plead facts showing that the mistake involved did not result from negligence attributable to them or their privies. 25 Tex.Jur. 599. They must also plead facts constituting a legal excuse or reason for the long delay in bringing this suit. We have hereinabove set out the facts pleaded with reference to this matter, and giving every reasonable intendment to the allegations of the petition, as we must do on general demurrer, it is clear that appellants have failed to meet this burden, and their suit is barred

by the equitable doctrine of laches. Vigilantibus non dormientibus aequitas subvenit.

The judgment of the trial court is affirmed.