MRS. ELMA RAMSEY ET AL V. T. A. MCKAMEY ET AL.

No. 7753. Decided May 14, 1941.
Rehearing overruled June 25, 1941.
(152 S..W., 2d Series, 322.)

*Walker & Hammett,* of Lampasas, for plaintiffs in error.

Plaintiffs having plead all the facts essential to a statement of their cause of action, summing up a part of such statement only with the conclusion "upon a mutual mistake of facts as to the subject matter therein involved, and praying that a commission be appointed to partition said property," and for such other and further orders as may be necessary, the judgment of the Court of Civil Appeals affirming an order of the trial court sustaining a general demurrer to said petition was eroneous. Garza v. Kenedy, 299 S. W. 231; Walters v. Great Natl. Life Ins. Co., 132 Texas 454, 124 S. W. (2d) 852; Grigsby v. Peak, 68 Texas 239.

*R. H. Hamilton,* of Port Lavaca, and *E. B. Ward,* of Corpus Christi, for defendant in error.

Plaintiffs' amended petition being insufficient and not stating sufficient facts to authorize the relief prayed for, it was not error for the Court of Civil Appeals to affirm the judgment sustaining a general demurrer to said petition. O'Connor v. Sanchez 229 S. W. 309; Ball v. Bankers Life Co., 103 S. W. (2d) 1111; Shelton v. Van Kleeck, 106 U. S. 532, 27 L. Ed. 269.

MR. JUSTICE SHARP delivered the opinion of the Court.

This is a suit in equity, filed in the District Court of San Patricio County by Mrs. Elma Ramsey and others against T. A. McKamey and John S. McCampbell, to secure a repartition of certain lands in the Juan Armendaris Survey, situated in San Patricio County. The trial court sustained a general demurrer to the petition, and upon the refusal by plaintiffs to amend the trial court dismissed the suit. The Court of Civil Appeals at San Antonio affirmed the judgment of the trial court. 138 S. W. (2d) 167.

Plaintiffs in error in the petition filed in the trial court in this cause alleged that during the year 1910 a judgment was entered by the District Court of San Patricio County in Cause No. 1410, ordering the land involved here partitioned. In the judgment it was cited that the tract of land partitioned con-

tained 540 acres. It was also alleged that on or about March 26, 1915, in Cause No. 1741, the same court entered another judgment, in which suit the same 540 acres were involved, and same were partitioned to the parties in that suit on that basis. Copies of the proceedings in both cases were attached to the partition and made a part thereof for all purposes.

It appears that in Cause No. 1410 J. W. and T. A. McKamey brought a suit against Southwestern Land and Cattle Company for partition of a certain part of the Juan Armendaris Survey. The commissioners appointed by the court to partition same found that the tract contained 540 acres, and divided same into two tracts, each purporting to contain 270 acres. One tract was awarded to the Southwestern Land and Cattle Company and the other to the McKameys.

It seems that all the parties interested in this land were not parties in Cause No. 1410; and in Cause No. 1741 J. W. and T. A. McKamey brought a second suit for a partition of the land, naming John S. McCampbell, certain minor children, and the Southwestern Land and Cattle Company defendants. The court found that the parties to that suit were sole owners of the tract of land, and entitled to a partition thereof. Commissioners were appointed, and said land was divided into three tracts. Tract No. 1, purporting to contain 72 acres, was awarded to the minor defendants; Tract No. 2, purporting to contain 198 acres, was awarded to the McKameys; and Tract No. 3, purporting to contain 270 acres, was awarded to the Southwestern Land and Cattle Company. The commissioners' report of partition and division was approved by the court.

The petition further shows that neither of said partitions of this land, in Cause No. 1410 and Cause No. 1741, was made from a survey of said land on the ground; that there were not 540 acres in said tract, but that in fact it contained only 377.4 acres; that none of said parties had occasion to locate the lines of the tract of land set apart to them under the two partitions on the ground; that said land had been and was unfenced and there are no improvements thereon, and all of said land being open to the use of plaintiffs and defendants alike; that the tract of land did not contain 540 acres, as assumed in the two partition judgments; that this was not known to the court nor to any of said parties at the time or prior to the time of either or both of said partitions, and said fact was not known to said parties until the county surveyor of San Patricio County made a survey of said land on or about the

15th day of February, 1938, when it was discovered that there was a shortage in said Juan Armendaris Survey, and that, instead of containing 540 acres, as recited by the court in the judgments mentioned, it contained only 377.4 acres; that no fact ever existed to put the plaintiffs in error upon notice that there was a shortage in the land set apart to the Southwestern Land and Cattle Company in the two partitions above referred to until the county surveyor of San Patricio County surveyed said land on the ground; that plaintiffs in error are the owners of the land set apart in said partitions to the Southwestern Land and Cattle Company, and that T. A. McKamey, who was a party to each of such original partitions, is now the owner of the tract set apart to T. A. and J. W. McKamey in Cause No. 1410, and J. W. McKamey, T. A. McKamey, Coleman W., Edwin A., Annie E., and Eddie W. McCampbell, in Cause No. 1471, and that John S. McCampbell claims an undivided one-fourth of the royalty in 72 acres conveyed to him by T. A. McKamey.

Plaintiffs in error allege their interest in the tract of land as the same actually exists, the value of said land per acre, the ownership of all the joint owners and their interest in said land, and that said land is susceptible of partition and should be equitably divided. Plaintiffs in error further allege that the Juan Armendaris Survey was a junior survey, that it conflicted with senior surveys adjoining thereto, which reduced the acreage in such Armendaris Survey to 377.4 acres, and they set out in particular the shortage in said survey, and to what extent it affected the land held by plaintiffs in error, and how it was discovered. After alleging in detail the reasons why said survey did not contain 540 acres, but, instead, contained only 377.4 acres, they allege that said judgments of partition entered in Causes Nos. 1410 and 1741 were based upon a mutual mistake of facts. Plaintiffs in error further allege the correct description of the land as it actually existed on the ground, and declared upon warranty as given by each of the judgments above mentioned and as provided by the statutes.

Plaintiffs in error conclude by asking in their petition that commissioners be appointed to repartition said property, and that one-half of said Juan Armendaris Survey of 377.4 acres lying south and west of Ricon Bayou be set apart jointly to the plaintiffs in error, and the other one-half be set apart to the defendants in error according to their respective interestes; for costs of suit, and for such other and further orders as may be necessary, either in law or in equity; etc. Many

facts showing that the judgments entered by mistake in Causes Nos. 1410 and 1741 were alleged, and that by reason of such mistakes plaintiffs in error have not received their share of the land subject to partition; but we will not lengthen this opinion further by setting all of them out in detail. The foregoing statement of the facts will dispose the nature of the petition and its purpose.

1  In passing on the sufficiency of a petition as against a general demurrer a court must assume that the allegations contained in the petition are true. It was alleged that the Juan Armendaris Survey contained only 377.4 acres, and that the court and all parties believed when the two judgments of partition were rendered that such survey contained 540 acres, and that it was the intention of the court and the commissioners to award to each party his just share of the 540 acres. It is also alleged that plaintiffs in error have not received a just share of the acreage contained in the Juan Armendaris Survey, and after the discovery of such mistake they now seek to have awarded to them the acreage to which they are justly entitled.

2  When it is found that a judgment of partition is unjust to some of the parties, an independent suit in equity may be brought to correct the judgment on the ground of mistake provided the rights of others have not intervened. Ross v. Armstrong, 25 Texas Supl. 355; Harn v. Phelps, 65 Texas 592, 599; Hutton v. Ward, 99 W. Va. 364, 128 S. E. 647, 649, and cases cited therein; Wilbur v. Dyer, 39 Mo. 169; Adair v. Cummin, 48 Mich. 375, 12 N. W. 495; Harris v. Hicks, 49 S. W. 110 (no appeal noted); O'Connor v. Sanchez, 202 S. W. 1005, affirmed 229 S. W. 309; 47 C. J., p. 437, sec. 420, p. 617, sec. 943; 20 R. C. L., p. 771, sec. 48; 40 Amer. Dec., 642 notes.

3  It is not urged that the rights of third parties have intervened; nor do we understand that the trial court and the Court of Civil Appeals based their decisions upon that theory. All parties believed that the Armendaris Survey contained 540 acres at the time it was partitioned in the two judgments above described. It was open land and unfenced. As the rights of third parties had not intervened, the fact that the mistake in this case was not discovered from 1915 until 1938 would not bar an interested party from seeking relief. Interested parties certainly may be relieved or unjust and unfair hardships which have resulted from mere mistakes. Granting such relief is simply correcting an omission or mistake and doing

justice to all parties. The rule has long prevailed in this State that where a mistake in locating the boundary was made in making a partition, one of the parties to said partition, who exercises diligence in discovering the mistake, will not be barred by the running of the statute of limitation from bringing a suit in equity to correct said mistake. See Oldham v. Medearis, 90 Texas 506, 39 S. W. 919, and authorities cited therein.

In the case of Walters v. Great National Life Ins. Co. 132 Texas 448, 124 S. W. (2d) 850, in passing upon the right of a trial court to sustain a general demurrer, this Court, speaking through Judge Smedley, said:

"It is provided by Rule 17 for district and county courts that in passing upon general demurrer every reasonable intendment arising upon the pleading excepted to will be indulged in favor of its sufficiency. Pursuant to this rule, it is held that the court is authorized to sustain a petition as good against general demurred when essential facts may fairly be inferred from the facts alleged; and it is further held that a pleading containing allegations in the nature of conclusions of the pleader from facts not revealed, and on that account subject to special exception, is not fatally defective when tested by general demurrer. Humphreys Oil Company v. Liles, Texas Com. App., 277 S. W. 100, 102; Garza v. Kenedy, Texas Com. App., 299 S. W. 231, 233; Martinez v. Gutierrez, Texas Com. App.., 66 S. W. (2d) 678, 685; Hovencamp v. Union Stockyards Company, 107 Texas 421, 425, 180 S. W. 225; Houston North Shore Ry. Co. v. Terrell, 128 Texas 248, 264, 98 S. W. (2d) 786, 107 A. L. R. 1507; Whatley v. Cato Oil Co., Texas Civ. App., 115 S. W. (2d) 1205."

The facts alleged in plaintiffs in error's petition may not have been good as against special exceptions, but as against a general demurred we think they were sufficient. The Court of Civil Appeals erred in affirming the judgment of the trial court, and both judgments are hereby reversed and this cause is remanded to the trial court for further proceedings.

Opinion delivered May 14, 1941.

Rehearing overruled June 25, 1941.