**Louis G. LOBIT et al., Appellants,**

v.

**Louis CROUCH et al., Appellees.**

No. 10400.

Court of Civil Appeals of Texas.

Austin.

May 30, 1956.

Rehearing Denied Aug. 8, 1956.

Fred L. Blundell, Lockhart, Paul W. Jeffrey, Houston, for appellants.

Aubrey Fielder, Lockhart, Boyd Taylor, Austin, Fagan Dickson, Frank L. Scofield, Austin, of counsel, for appellees.

GRAY, Justice.

Appellants sued appellees together with other named parties and the heirs and legal representatives of still other named persons for a repartition of the north part of the John Talbot Survey in Caldwell County.

The land in controversy is a part of a survey of 4428 acres originally patented to John Talbot on January 16, 1846. Prior to his death John Talbot sold *1845* acres off of the south side of said survey and after his death the unsold portion of said survey was partitioned among his heirs by the Probate Court of Brazoria County on August 21, 1857. Such unsold portion of the survey was partitioned by dividing the same into Lots 1, 2 and 3, these lots were described by metes and bounds, were valued, were drawn by lot and awarded to the heirs of John Talbot, Deceased. John F. Talbot was awarded Lot 1.

On or about January 3, 1953, at the instance of appellee Louis Crouch, a resurvey was made of the John Talbot Survey and it was found that it contained 3440 acres or 988 acres less than called for in the original patent. A corrected patent was issued to the heirs or assigns of John Talbot, Deceased, on December 3, 1953.

Appellants claim as assigns and privies in title of John F. Talbot. They alleged:

"* * * that the partition of the unsold portion of the John Talbot Survey on August 21st, 1857, by the heirs of John Talbot deceased was made by and through a mutual mistake of all the heirs, who believed that such unsold portion of the John Talbot Survey at that time contained *2068* acres of land, more or less, and that they had no knowledge that such unsold portion of said survey contained much less land than the amount they purported to partition.

"* * * that the corrected patent acquired at the instance and request of the defendant Louis Crouch shows that Tract Number 1 awarded to John F. Talbot in the original partition of the John Talbot Survey August 21st, 1857, is shown as located entirely within the boundaries of the Moses Gage Survey, and not in the John Talbot Survey.

"Plaintiffs further allege that under the decree of partition on August 21st, 1857 of part of the John Talbot Survey, that John F. Talbot was entitled to receive and was awarded said tract number one which was valued at one half of the value of the unsold portion of said survey.

"And Plaintiffs further allege that in the partition of the remaining unsold portion of the John Talbot Survey, by his heirs on or about August 21st, 1857, that all parties contracted thereto in ignorance and mutual mistake that a part of the John Talbot survey was in conflict with the Moses Gage and that such mutual mistake on all parties thereto has resulted in the material injury to John F. Talbot, his heirs and assigns, because it now appears because of this recent survey, that his award of No. 1 containing 689.⅓ acres valued at as much as the total value of Lot Nos. 2 and 3 was situated wholly in the Moses Gage Survey, senior in time of survey to the John Talbot Survey."

Appellants further alleged that as assigns and privies in title of John F. Talbot they had no notice or knowledge of the shortage in the John Talbot Survey until on or about March 15, 1954, and prayed:

"Wherefore, premises considered, plaintiffs pray that upon hearing they

have judgment for cancellation of the partition dated February 21, 1857, and correction, repartition, location and vesting title and possession of an undivided one half of the above described lands and premises and damages and that a writ of execution issue, for rents, damages * * *."

Appellees answered and the defendants cited by publication answered by an attorney appointed for them.

On June 27, 1952, appellants and appellees filed their agreement that at the trial the parties could introduce in evidence any instrument or act from the records, or a certified copy of such instrument or act, or could read the same from any abstract of title prepared by any reputable abstract company of Caldwell County, and that such evidence when so given shall be considered as if the original of any such instrument or act was introduced in evidence after due proof of its execution and after due filing, time and notice. Such instrument or act however to be subject to objections on other grounds.

Appellees at different times filed motions for summary judgment. These motions were consolidated and alleged that:

"Supporting affidavits are attached. The pleadings on file, together with such affidavits, show that there is no genuine issue as to any material fact and that these defendants, the moving parties, are entitled to a judgment that the plaintiffs take nothing of defendants as a matter of law, and that defendants go hence with their costs without day."

Appellants filed their "controverting and opposing" affidavits to appellees' motions.

The motions for summary judgment were heard October 31, 1955, and the trial court rendered judgment that appellants take nothing against appellees and that they go hence without day with their costs.

The affidavits before the trial court at the hearing on the motions for summary judgment list and set out the various deeds of transfer in appellees' chains of title and aver that appellees acquired the lands for value and without notice of any error or mistake in the partition proceedings of August 21, 1857. They also show that appellees acquired their land prior to the resurvey of the John Talbot Survey in 1953. This resurvey apparently was the first notice to any of the parties of a shortage in the survey. Appellants themselves allege that they had no notice of such shortage until March, 1954.

By the above mentioned affidavits it is conclusively shown that appellees' rights as third parties have intervened since the partition in 1857. In Ramsey v. McKamey, 137 Tex. 91, 152 S.W.2d 322, 324, the Court said:

"When it is found that a judgment of partition is unjust to some of the parties, an independent suit in equity may be brought to correct the judgment on the ground of mistake, provided the rights of others have not intervened." Citing numerous authorities.

Appellants here complain that the affidavits supporting appellees' motions for summary judgment are not sufficient under Rule 166–A, Texas Rules of Civil Procedure. It appears that the complaint was not urged in the trial court but is made here for the first time. Assuming without deciding that the supporting affidavits are subject to the objections urged by appellants then appellees have the right to ask the court's permission to supplement the affidavits. Sec. (e) of Rule 166–A supra. This they no doubt would have done and an abuse of the discretion of the trial court might have been presented. De La Garza v. Ryals, Tex.Civ.App., 239 S.W.2d 854, er. ref., n.r.e. Appellants' complaint here comes too late. Dittoe v. Jones, Tex.Civ. App., 220 S.W.2d 315, 319, er. ref., n.r.e.

It is to be remembered that appellants sued to repartition the portion of the John Talbot Survey remaining unsold at his death and that on appellees' motions for summary judgment the trial court decreed that appellants take nothing. Appellants however say that all named defendants were not parties to the motions before the court. We agree they were not named as moving parties.

■ The general rule is that the rights of persons can be determined only in some proceeding to which they are parties. Lytle v. Galveston, H. & S. A. Ry. Co., 100 Tex. 292, 99 S.W. 396, 400, 10 L.R.A.,N.S., 437. We fail to see how this general rule can afford comfort to appellants here. The defendants not named in the motions were parties to conveyances prior in time to the deeds of conveyance to appellees and the judgment rendered decreed only that appellants were not entitled to a repartition of the land as to appellees. This judgment is supported by the rule in Ramsey v. McKamey supra. Even if it be said that appellants have a right to repartition against persons who were holders of title prior to appellees (a question not decided by the trial court and not necessary for decision here) such right does not extend to appellees and they being the present owners of the land the right to effectively repartition the land is lost. Moreover appellants' petition simply sued the said unnamed defendants as holders of title prior to appellees.

The affidavits supporting the motion of appellee Crouch describes 3445⅚ acres of land owned by him. Even if this be interpreted as a disclaimer to other land sued for by appellants such disclaimer must be limited to Crouch and cannot be extended to other appellees whose rights must be tested by their supporting affidavits.

What we have said supra supports our conclusion that it cannot be said that appellees' motions for summary judgment were filed in bad faith and to delay a trial of this cause on its merits and that under Sec. (g) of Rule 166–A, supra, appellants are entitled to an award for expenses incurred and reasonable attorneys' fees.

Appellants say that appellees' claim of title to 689⅔ acres of land is void because their chain of title includes a void tax deed. The suit was filed August 26, 1872, for foreclosure for taxes due for prior years. This suit resulted in the sheriff's deed dated February 14, 1873.

■ In the absence of proof to the contrary it is presumed from the recitals contained in this ancient deed that the powers there mentioned existed. 14–B Tex.Jur. p. 527, Sec. 91. See also 17 Tex.Jur. p. 277, Sec. 76 and p. 281, Sec. 77, as to presumptions in favor of the acts of public officers.

■ As we understand appellants' brief they say the tax deed is void because it describes the land as being in the Talbot Survey when actually it is a part of the Moses Gage Survey, a survey senior to and adjoining the Talbot Survey. This would not render the deed void unless on its face the description of the land cannot by extrinsic evidence be made to apply to any definite tract. Petty v. Wilkins, Tex. Civ.App., 190 S.W. 531, er. ref. This rule applies to both voluntary and judicial sales. Waterhouse v. Gallup, Tex.Civ. App., 178 S.W. 773. If some part of the description is not correct then the entire deed must be examined to determine if the land can be identified. 14–B Tex.Jur. Sec. 195, p. 655.

We have considered all seven points presented by appellants and because it is our opinion that reversible error is not presented the points are overruled.

The judgment of the trial court is affirmed.

Affirmed.