Arthur W. BROYLES, Appellant,

v.

Mabel LAWRENCE, An Individual, and Aubrey Davee, Substitute Trustee, Appellees.

No. 13404.

Court of Appeals of Texas, Austin.

April 14, 1982.

Rehearing Denied May 12, 1982.

Albert C. Ross, Deborah K. Hartley, Bagby, Ross, DeVore & Arnn, Arlington, for appellant.

Gerald L. Johnson, Brady, for appellees.

PHILLIPS, Chief Justice.

This is an appeal from a judgment in a suit for reformation of a deed in which the trial court permitted rewording of a faulty legal description but denied relief as to the consideration paid for land purchased on a price-per-acre basis. The trial court held the four-year statute of limitations [1] barred reformation of the purchase price recited in the deed.

The appellee failed to present by cross-points any error in the trial court's judgment concerning reformation of the metes-and-bounds description and, therefore, judgment is final as to that issue. *Sudderth v. Howard*, 560 S.W.2d 511 (Tex.Civ. App.1977, writ ref'd n.r.e.). As to the issue of reallocation of the consideration to be paid being barred by limitations, however, we must reverse the judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

The dispute at bar arises out of the acquisition of four tracts of land by the appellant from the appellee and her now deceased husband. The deed of March 31, 1969 on its face purports to convey 361.77 acres for a total of $72,354.00. Although the following recitation appears in the contract for sale only, it was undisputed at trial the consideration was derived on the basis of $200.00 dollars per acre recounted.

Unfortunately, the Lawrences could claim title to only 334.85 of the acres sought to be conveyed and 2.5 acres of that were erroneously omitted from the deed. In addition, a reversed call precluded one of the tracts from properly closing.

There is no evidence of fraud on the part of the appellee, the discrepancy being apparently due to a misplaced reliance by both parties on an inaccurate abstract commissioned by the appellee as a prelude to the sale. The error was not discovered until 1978, nine years after the sale was consummated. The trial court found, however, the

---

1. Tex.Rev.Civ.Stat.Ann. art. 5529 (1958).

inexactitude could have been discovered by the appellant, through the exercise of reasonable diligence, by examination of the public records, at the time abstracts were originally furnished him. The court thus concluded the statute of limitations barred recalculation of the consideration due, as a matter of law.

The appellant is before us on four points of error, the first and second of which claim the court's finding the defect could reasonably have been discovered through examination of the public records, and the conclusion the statute of limitations period had consequently expired, are not supported by any evidence, or factually insufficient evidence the courthouse records reflected the discrepancy. The third point of error complains no rights of third parties having intervened, the four-year statute was improperly applied. The final point addresses the error in using the statute of limitations to deny reconstruction of the consideration due despite the suffered reformation of the deed's legal description.

Because we conclude the court erred in its determination the date abstracts were available necessarily established the date of commencement of the period of limitations, and that period had run, we will address points of error three and four only as they pertain to the contested conclusion of law.

Discussion between the parties concerning the possible sale of the tracts in question began early in 1969, when the appellee's now-deceased husband aided the appellant in extracting his jeep from the mud on an adjoining tract. Mr. Lawrence indicated his amenability to the purchase of his land and informed the appellant the tracts constituted approximately 336 acres. Several related sessions of negotiation ensued until a price of $200.00 dollars per acre and financing terms calling for a down-payment of 29% with the balance payable to the Lawrences in installments over a ten-year period were orally agreed upon.

As a result of the meetings, the Lawrences had the abstracts updated in anticipation of the sale. The abstracts indicated some 26 more acres were held than the parties had previously contemplated. The appellant was apprised of the overage through the appellee's attorney, and, after examination of the abstracts by his own counsel, the appellant consented to the purchase of the excess acreage at the same cost per acre.

Contracts for sale were drawn reflecting the oral agreements and the deed was transferred on the 31st day of March, 1969. In the ensuing years, regular payments were made upon the note. The land was tended only by others, however, and the appellant never resided upon the property.

In 1978, an aerial survey made by the local Soil Conservation District revealed the acreage shortage and the appellant had a professional survey made. Thereafter, appellant tendered his annual note payment for 1978 in an amount less the sum of $200.00 dollars times the number of acres he determined to be deficient. Appellee refused to accept the reduced amount and suit seeking reformation was instituted.

The Texas Supreme Court was faced with an almost identical fact situation in *Sullivan v. Barnett*, 471 S.W.2d 39 (Tex.1971). There 240 acres of homestead land were erroneously included in an instrument of transfer through an undisputed mutual mistake. The only defense to reconveyance was that the action to quiet title and reform the deed was barred by the four-year statute of limitations. The Court of Civil Appeals agreed with the defense, basing its holding on the oft-quoted premise that a party is charged with knowledge of the contents of his deed from the date of its execution, and that limitations begins to run from that period with reference to any action had to correct it.[2] The Supreme Court acknowledged the rule but emphasized its aversion to rigid application of the maxim. The Court reiterated equity and justice to be the ultimate aim of all rules of law and stated:

**2.** Cited by the *Sullivan* court were:
 *Kahanek v. Kahanek*, 192 S.W.2d 174 (Tex. Civ.App.1946, no writ); *Kennedy v. Brown*, 113

S.W.2d 1018 (Tex.Civ.App.1938, writ dism'd).

187

[T]his presumption that a grantor or grantee has immediate knowledge of a mutual mistake contained in a deed is rebuttable, and there are various circumstances, *such as subsequent conduct of the parties as though the deed had not contained an error,* which will excuse a delay in discovery of the mutual mistake. This Court has never permitted the rule to blindfold it to the true facts concerning actual discovery of the mutual mistake and subsequent conduct of the parties with respect thereto. [*Id.* at 45 (emphasis added)].

Citing *McClung v. Lawrence,* 430 S.W.2d 179 (Tex.1968),[3] the Court added that once the presumption of immediate knowledge were rebutted, the trial court would be forced to make an *independent* determination of when the mutual mistake was, or in the exercise of reasonable diligence, should have been discovered.[4]

3. *McClung* consisted of an attempted reformation of a royalty reservation, the legal effect of which, through mutual mistake, had been subverted. Although the reservation was sixteen years old at the time suit was filed, the Supreme Court reversed the court of appeals decision and granted reformation.

4. The Court then cited numerous authorities demonstrating situations in which reformation was permitted years after the statute would have run using the *Kahanek* test, recalling: *Miles v. Martin,* 159 Tex. 336, 321 S.W.2d 62 (1959), in which this Court remanded for "a trial of grantor's right to equitable relief of reformation" because of possible mutual mistake in the legal effect of the royalty reservation in a deed executed almost six years prior to filing suit; *Gilmore v. O'Neil,* 107 Tex. 18, 173 S.W. 203 (1915), approving reformation of a deed which conveyed 1.35 acres instead of the intended 1⅔ acres in suit filed five years after the date of the deed; *Clopton v. Cecil,* 234 S.W.2d 251 (Tex.Civ.App., 1950, writ ref'd n.r.e., cited with approval on this point in *Miles v. Martin,* supra), in which a royalty deed whose decimal description covered 1.86 royalty acres instead of the intended 18.6 acres was reformed in a suit filed 10 years after the date of deed; *Texas Osage, etc. v. Garcia,* 176 S.W.2d 798 (Tex.Civ.App., 1943, writ ref'd w.m., also cited with approval in *Miles v. Martin,* supra) affirming reformation of a grantor's deed made 11 years before suit on account of a mutual mistake in the amount of mineral acres conveyed; *Hutchins v. Birdsong,* 258 S.W.2d 218 (Tex. Civ.App., 1953, writ ref'd n.r.e.), in which a

As recently as 1980, the Supreme Court has reconfirmed the *Sullivan* rule. In *Brown v. Havard,* 593 S.W.2d 939 (Tex. 1980), the Court dealt with a trial court ruling that a claim for reformation was barred by the four-year statute of limitations as a matter of law. Although agreeing with the trial court that the four-year statute governs such suits, the Supreme Court declared it error to conclude reformation was barred as a matter of law, stating:

This Court, in three relatively recent cases, has rejected the contention that the grantee was charged as a matter of law with knowledge of the recitals in a deed to him. We held that the statute of limitations commenced to run in these suits for reformation when the mistake was or, in the exercise of reasonable diligence, should have been discovered. *Sullivan v. Barnett,* 471 S.W.2d 39 (Tex. 1971); *McClung v. Lawrence,* 430 S.W.2d grantor's deed omitting an intended mineral reservation was reformed in a suit filed 12 years after date of the deed; *Luginbyhl v. Thompson,* 11 S.W.2d 380 (Tex.Civ.App., 1928, writ dism.), in which a grantor's deed omitting an intended mineral reservation was reformed in a suit filed more than six years after date of the deed; and *Marshall v. Hutchinson,* 358 S.W.2d 675 (Tex.Civ.App. 1962, n.w.h.), affirming reformation of a grantor's deed which conveyed all of a tract instead of an undivided half interest in a suit filed six years after the date of deed.

See also *Sims v. Haggard,* 162 Tex. 307, 346 S.W.2d 110 (1961), in which the judgment of the trial court was modified to reform two deeds executed 11 years prior to institution of suit, because there was a mutual mistake conveying more acreage than intended; *Ramsey v. McKamey,* 137 Tex. 91, 152 S.W.2d 322 (1941), in which it was held that reformation of a partition decree because of mutual mistake was not barred by a 23 year delay in discovering the error, where rights of third parties had not intervened; and *Riggs v. Polk,* 3 Tex.Civ.App. 179, 21 S.W. 1013 (Tex.Civ.App., 1893, n.w.h.), in which it was held that grantors' action to correct mutual mistake in a series of deeds describing more acreage than intended was not barred by stale demand even though made over a period of 30 years prior to suit, *when conduct of all grantees recognized that* deeds covered only the tract intended. [*Id.* at 45 46].

179 (Tex.1968); *Miles v. Martin*, [159 Tex. 336, 321 S.W.2d 62 (1959)]. The question of when the mistake should have been discovered was held to be one of fact in each of these cases. [*Id.* at 943–44 (citation added)].

■ The cases previously related disclose the trial court in the instant case would have been prohibited from concluding the statute began to run with the execution of the deed, as a matter of law. Curiously, the court in the present case went beyond even this and ruled limitations accrued from the date *abstracts* were furnished. Our study of the record leads us to hold the evidence produced to find the date abstracts were furnished commenced the running of limitations was legally and factually insufficient to fulfill that purpose.

■■ One of the means by which a party may avoid the bar of limitations is to show his delay in discovering the mistake was induced by the defendant's statements or actions which lulled the plaintiff into a false sense of security in reference to the matter. *Chisholm v. Hipes*, 552 S.W.2d 519 (Tex.Civ.App.1977, no writ). A related exception is that previously discussed in *Sullivan v. Barnett, supra*, that being the subsequent conduct on the part of both grantor and grantee demonstrated a belief no error existed in the deed. More importantly, the courts have recognized a *blanket* exception to the statute, in suits for reformation based on mutual mistake in deeds, as long as no rights of bona fide innocent purchasers have intervened. *Snellings v. Snellings*, 482 S.W.2d 707 (Tex.Civ.App.1972, no writ); *Sullivan v. Barnett, supra*, [citing the recognized authority of *Strong v. Garrett*, 148 Tex. 265, 224 S.W.2d 471 (1949); *State Mortgage Corp. v. Ludwig*, 121 Tex. 268, 48 S.W.2d 950 (1932); and *Terry v. Baskin*, 44 S.W.2d 929 (Tex.Comm'n App.1932, holding approved)]. *See also Ramsey v. McKamey*, 137 Tex. 91, 152 S.W.2d 322 (Tex.1941).

■ The parties did not dispute, in the instant case, the discrepancy in acreage occurred through a mutual mistake as to the accuracy of the abstracts. It was stipulated no bona fide innocent purchaser's rights were in issue, the original grantor and grantee being the only parties whose interests were affected. The evidence exhibited a course of dealings over the years manifesting the parties' reliance on the accuracy of the deed. Further, relations were such between the appellant and appellee that the evidence could be found to justify reliance on the appellee's abstract thus excusing delay in detection of the error.

The trial court found the shortage was not discovered until 1978, at which time suit was promptly instituted, but, apparently using the *McClung v. Lawrence* test, the mistake could have been discovered through the exercise of reasonable diligence by examination of the courthouse records on the date abstracts were first delivered to the appellant.

The record is silent as to what the public records reveal and they were not offered into evidence. Neither was there evidence as to whether the appellant could reasonably have been expected to examine the courthouse records or whether during the course of such scrutiny he could reasonably have been expected to discern the disparity in the metes-and-bounds legal descriptions of the four tracts.

The court's finding, in the absence of probative evidence on this point, constituted judicial notice of the contents, accuracy, and completeness of the county records, and amounted to a conclusion as a matter of law that appellant was charged with the contents of those records, despite clear case law to the contrary.

As aforementioned, no appeal was taken from the trial court's judgment awarding reformation of the misworded legal description, and that part of the judgment is final in all aspects. We reverse, however, and remand for new trial appellant's cause of action for reformation of the consideration as provided in the warranty deed.

Reversed and Remanded.