**Alfred E. PAMPELL and County Management, Inc., Appellants,**

v.

**Edward M. PAMPELL, Appellee.**

**No. 14390.**

Court of Appeals of Texas, Austin.

Oct. 23, 1985.

Rehearing Denied Nov. 20, 1985.

G. Michael Lawrence, Graves, Dougherty, Hearon & Moody, Austin, for appellants.

James R. Hunt, Tillman, Pribilski & Hunt, Houston, for appellee.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

SHANNON, Chief Justice.

Appellants, Alfred E. Pampell and County Management, Inc., appeal from a judgment of the district court of Lee County declaring a previous judgment and order void. Tex.R.Civ.P. 329b(f).

Edward M. Pampell filed suit in the district court of Lee County to construe his mother's will. The district court rendered judgment construing the will and partitioning certain real estate. This Court reversed that judgment and remanded the cause to district court for joinder of indispensable parties. 554 S.W.2d 20 (Tex.Civ. App.1977, no writ).

Thereafter, on February 21, 1979, the district court rendered judgment dividing certain real estate. Within thirty days and on March 20, 1979, the district court signed a "judgment nunc pro tunc." Appellants filed a motion for new trial on April 19, 1979. On May 25, 1979, the district court signed yet another judgment purporting to divide the same real estate. As reflected by an entry on the docket of the cause, the district court on appellants' motion then granted a new trial on June 14, 1979.

In 1983, Edward M. Pampell filed a motion pursuant to Tex.R.Civ.P.Ann. 329b(f) for entry of judgment declaring a previous judgment or order void. In response to that motion, the district court rendered judgment declaring void the judgment of May 25, 1979, as well as the order of June 14, 1979. The judgment declared further that the judgment of March 20, 1979, was the final judgment in the cause. It is from the judgment declaring void the former judgment and order that appellants have perfected their appeal.

Texas R.Civ.P.Ann. 329b(f) provides in part, that the district or county court "may sign an order declaring a previous judgment or order to be void because signed after the court's plenary power had expired." In this appeal the district court signed a Rule 329b(f) judgment declaring void the judgment of May 25, 1979 and the order of June 14, 1979 granting a new trial.

The validity of the 329b(f) judgment necessarily turns on whether or not the judgment of May 25, 1979, and the order of June 14, 1979, are void.

In the exercise of its plenary power, the district court, on its own motion, could have set aside the nunc pro tunc judgment within thirty days from March 20, 1979. Likewise, the district court could have set aside the nunc pro tunc judgment on appellants' motion for new trial filed within ten days

after the judgment was signed.[1] However, neither contingency occurred; (1) the district court did not set aside the nunc pro tunc judgment within thirty days of March 20, 1979, (2) nor did appellants file a motion for new trial within ten days from March 20, 1979.

■■■ Appellants' motion for new trial was filed on April 19, 1979, more than ten days from the date the March 20, 1979, judgment was signed, and therefore was a nullity. Because its plenary power had long expired, the district court lacked jurisdiction to render the judgment of May 25, 1979, and the order of June 14, 1979 granting a new trial. Accordingly, the district court did not err in rendering the 329b(f) judgment declaring void the May 25 judgment and the June 14 order.

■■ Appellants argue, nevertheless, that the district court in its "equity jurisdiction" possessed the power to render the May 25 judgment and the June 14 order. Appellants' argument ignores Rule 329b(f) which provides that on expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause. Appellants had the right to seek relief from the nunc pro tunc judgment by appeal. Appellants, however, were not diligent in exercising that right and, instead, suffered the nunc pro tunc judgment to become final. It should be observed finally that appellants did not invoke by bill of review the only "equity jurisdiction" reserved the trial court by Rule 329b(f).

This Court affirms the judgment because the district court correctly rendered judgment declaring void the May 25, 1979, judgment and the June 14, 1979, order.

BRADY, Justice.

In order to avoid the effects of Tex.R. Civ.P.Ann. 329b(f) (Supp.1985), appellant argues that, even after its plenary power over the judgment has lapsed a trial court still retains equitable jurisdiction over its judgment where an erroneous partition of realty is made. Appellant cites *Ramsey v. McKamey*, 137 Tex. 91, 152 S.W.2d 322, 329 (1941) and *Broyles v. Lawrence*, 632 S.W.2d 184 (Tex.App.1982, no writ) for this proposition. If such a position were sustained it could have hazardous effects on the finalty of judgments. For this reason, I concur so that I might address appellants' argument.

*Ramsey, supra,* held that if a judgment of partition is unjust, an *independent* suit in equity may be brought to correct a mistake in the judgment, provided the rights of third parties have not intervened. In *Ramsey, supra,* the partitioned tract contained only 377.4 acres instead of 540 acres as recited in the judgment. This discrepancy resulted in an obvious unjust partition, and was caused by a mistake in the location of a boundary.

In *Broyles, supra,* a deed purportedly conveyed 361.77 acres of real estate to the purchaser; however, the seller could claim only 334.85 acres. This Court held that "the courts have recognized a blanket exception to the statute [of limitations] in suits for reformation based on mutual mistakes in deeds, as long as no rights of bona fide innocent purchasers have intervened." *Id.* at 188.

In this appeal, appellants do not claim mutual mistake in the partition of land recited in the judgment. Nor do appellants seek reformation of a deed based on a mistake contained therein. The facts of this appeal and the cases cited by appellants are not analogous. If appellants' position were sustained there would be no final judgment in any partition suit. Parties to a previous trial who could claim a defect in the partition proceedings would then be able to litigate matters long after the statute of limitations had run. This should not be allowed.

---

**1.** In 1981, Rule 329b was amended to provide that the complaining party must file a motion for new trial prior to or within *thirty* days after the judgment was signed.