JAMES W. EVANS ET AL. V. LOUISA BERLOCHER.

No. 3433.

**Adverse Possession—Joint Tenancy.**—Berlocher owned a city lot adjoining his residence. His first wife died in 1870, leaving children of the marriage, and the lot was community property. Berlocher married a second time. In 1874, joined by his second wife, he executed a trust deed upon his interest in the lot. The trust deed was foreclosed, and Opperman became the purchaser September, 1876. In 1879 Berlocher erected a stable upon the lot and used it and a water closet until his death in 1883. His widow, the plaintiff, held possession thereafter, and in 1886 Opperman purchased the interest in the lot owned by the children of the first marriage. The widow, October 4, 1890, brought her suit and sought to establish title by adverse possession for ten years. There was testimony that prior to building the stable Berlocher had obtained from Opperman leave to build it and use the lot. The wife disputed this fact, said she had no knowledge of it and did not believe it had been obtained. She recovered the lot in the District Court. On appeal, *held:*

1. The mere possession of Berlocher after the sale was not of itself adverse to Opperman. Berlocher had the right to possession in right of his minor children, who owned half and were tenants in common with Opperman.

2. The possession by the husband was necessary, tacked to her subsequent possession, to make up the term of ten years; and her husband not having been in adverse possession, her title was not completed.

3. The entry by consent would negative an adverse possession. Upon this issue the positive testimony to the fact of consent was not put in conflict by the wife testifying that she had no knowledge of it and did not believe it.

4. The purchaser from the children in 1886 would take all their rights in the lot, and would defeat a recovery of more than one-half the lot, even had the possession been adverse for the term of ten years.

APPEAL from Galveston. Tried below before Hon. WM. H. STEWART. The opinion states the case.

*R. G. Street,* for appellants.—There was no possession of the lot by Berlocher in his lifetime, nor by the plaintiff since adverse to the title of Opperman in his lifetime, or to that of the defendants, his heirs. Such use as Berlocher made of the lot having been begun with the permission of Opperman, and while his (Berlocher's) minor children were owners of an undivided one-half of it, could not become adverse to Opperman and Berlocher's own minor children and those claiming under them, except by open repudiation of the rights under which it was acquired, or such acts inconsistent therewith as would be calculated to put the owner on notice.

*Wheeler & Rhodes,* for appellant Johnson, guardian, etc.

*A. B. Buetell,* for appellee.—As sustaining the verdict and the judgment, appellee cites the following: Rev. Stats., arts. 3194, 3195, 3197, 3198; Meyers v. Evans, 81 Texas, 317; Bridges v. Johnson, 69 Texas,

714; Moody v. Holcomb, 26 Texas, 714; Branch v. Baker, 70 Texas, 190; Kinney v. Vinson, 32 Texas, 126; Pearson v. Boyd, 62 Texas, 541; Craig v. Cartwright, 65 Texas, 413; Charle v. Saffold, 13 Texas, 94; Harn v. Smith, 79 Texas, 310.

HOBBY, PRESIDING JUDGE, *Section A.*—Louisa Berlocher, the appellee, brought this action of trespass to try title to lot No. 2, in block 563, of the city of Galveston, against James W. Evans, Amanda Neynbober, and others, the heirs and devisees of Gustave Opperman. The petition was filed October 4, 1890.

The defendants pleaded not guilty, and upon a trial by a jury the verdict was for the plaintiff. The defendants have appealed.

The plaintiff's right to recover depends altogether upon whether the facts show such possession of the lot in litigation as will vest title in her under the statute of limitation of ten years. The decision of this question necessarily requires an examination of the proof made on the trial. The plaintiff claims to have had possession of the lot from 1879 to the institution of this suit, October 4, 1890. Her husband, John Berlocher, built a stable on it at that time, in which they kept a cow. A water closet on this lot was also used by them. Her husband died June 1, 1883, and she testified that she has been in possession of it since. It will be seen, that to make her possession sufficient with respect to time, it is necessary to couple that of her husband, for several years immediately preceding his death, with hers, subsequently. The character of and circumstances connected with his occupancy or possession of this property becomes important.

It appears from the record, that prior to 1876 the lot was a part of the community property of John Berlocher and his first wife Anna, who had died in 1870, leaving said Berlocher and children surviving her. In 1874, he, joined by the plaintiff, his second wife, executed a deed of trust conveying this lot, and under this it was sold to Gustave Opperman in September, 1876, who at the trust sale purchased the one-half interest of John Berlocher; the other half remaining in his children by his first marriage. This latter half was also acquired by Opperman from the said children in 1886, during the time Mrs. Berlocher, the appellee, was in possession. After the sale was made under the trust deed, Berlocher and family, who resided on an adjoining lot, were using lot No. 2 in the manner stated and in other ways until his death on June 1, 1883.

If it be admitted that Mrs. Berlocher's possession since that time is shown by the proof in this record to have all of the other statutory features requisite to sustain the plea of limitation, it is clearly insufficient as to time, lacking as it does almost two years of being ten years possession. The mere fact of the use of the stable and water closet on the lot by Berlocher after the sale to Opperman can not be said to have

been exclusive or adverse to the latter, in view of the fact that Berlocher's children by his first marriage owned an interest in it. His possession in their right would not be inconsistent with or hostile to Opperman. They would be tenants in common with Opperman, and it would not be inferred, under these circumstances, that the use, possession, and occupancy, however extensive, by Berlocher was hostile to the purchaser at the trust sale. To make his possession available to appellee under the statute, in this suit, it should appear from the proof that John Berlocher did, after the sale under the trust deed he had executed, and up to the date of his death, in 1883, by some act, distinctly assert that he claimed it as against Opperman.

The witness Ruff, the trustee who made the sale, is explicit in his statement that Berlocher applied to Opperman for permission to use the stable, which the latter assented to. This was about one year after the sale under the trust deed. This witness testifies with particularity as to the circumstances under which this permission of Opperman was given to Berlocher to use the lot.

The general statement, as we have said, was made by Mrs. Berlocher, the appellee, that her husband claimed and had possession of the property from 1879 until his death. Ordinarily, this, confronted with the opposing testimony to the effect that he occupied it with the permission of Opperman, would be a conflict in the evidence of that character which would, under elementary rules, be finally determined by the verdict of a jury, and which should not be disturbed. A careful examination of this evidence, however, does not show it to be a conflict of that kind.

Here is an affirmative declaration of a fact, by the witness William Ruff, that John Berlocher did obtain the consent, after the sale of the lot under the trust deed of Opperman, to the use of the property. The circumstances under which Opperman assented to this were detailed by the witness. On the other hand, the testimony of appellee is merely negative. She says, she "knows nothing of any such arrangement." She "knows it is not so," because her "husband did not inform her of it, which he would have done if it had been so."

Such is the substance of her evidence on this point. We think, therefore, that the evidence itself authorizes no other conclusion than that Berlocher's occupancy or possession after the sale to Opperman of a one-half interest in it under the trust deed was with the express permission and consent of Opperman as to that half.

After the purchase by Opperman at the trust sale in 1876 he was a tenant in common with Berlocher's children by his first wife Anna. In the absence of proof on the question, his possession being in the right of his children, it was entirely consistent with Opperman's title and interest. Unless there was evidence of some act on his part in-

dicating that he asserted an adverse exclusive claim to the lot, which would charge Opperman with notice of a hostile and opposing right as against him, the possession and use of it in the manner described would not put the statute of limitation in operation as to Opperman. In this case, he was shown to be in possession both with Opperman's permission and as to the other half in the right of his children. Again, it was proved that Opperman acquired in 1886, from the children of John Berlocher, the remaining half of the lot owned by them. They must have inherited from John Berlocher, their father, their proportionate share or interest in whatever right or title he acquired by virtue of his possession up to the date of his death in 1883. This vested in Opperman by virtue of his purchase and their conveyance to him in 1886, and therefore if Berlocher had adverse, exclusive possession, which connected with the appellee's gave her ten years possession, it would not support a judgment for the whole lot.

We have considered the case in the strongest light in which we think the record will authorize it to be viewed in favor of the appellee, and we think the judgment is erroneous.

For the reason indicated, we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted March 8, 1892.

A motion for rehearing was refused.