**LUGINBYHL et al. v. THOMPSON.*** (No. 2986.)

Court of Civil Appeals of Texas. Amarillo. April 18, 1928.

Rehearing Denied May 3, 1928.

Aynesworth & Lackey, of Stinnett, and Taylor, Muse & Taylor, of Wichita Falls, for appellants.

Umprhres, Mood & Clayton and Wm. Boyce, all of Amarillo, for appellee.

JACKSON, J. This suit was instituted in the district court of Hutchinson county, Tex., by R. Edgar Thompson, the appellee, to recover from O. W. Luginbyhl and his wife, Cleo Luginbyhl, and F. M. Luginbyhl, the appellants, the oil, gas, and mineral rights in and under the north one-half of survey No. 27, block M–23, Texas Central Railroad Company land in Hutchinson county, Tex.

The appellee sues in trespass to try title, and also alleges:

That on October 24, 1919, he was the owner of all of survey No. 27, block M–23, Hutchinson county, Tex., and that on said date he and O. W. Luginbyhl entered into a written contract, by the terms of which appellee agreed to convey said survey No. 27 to O. W. Luginbyhl, upon the terms and for the consideration therein expressed. That, among other things, said contract expressly provided that the title to all the oil, gas, and minerals on the north one-half of survey No. 27 were reserved, and that such reservation should be specified in the deed conveying said section 27 to O. W. Luginbyhl. A copy of said contract is attached to appellee's petition and made a part thereof.

That on or about July 23, 1920, in consummation of the aforesaid contract, the appellee made, executed, and delivered to O. W. Luginbyhl a warranty deed, which purported to convey said entire survey No. 27, and contained no provision reserving the oil, gas, and minerals on the north one-half thereof to appellee, as provided in the contract. That it was the intention of the parties to convey the land in compliance with the terms and provisions of the contract, and the omission in the deed to reserve from said conveyance the oil, gas, and mineral rights in the north half of said survey was unintentional and due to the mutual mistake on the part of appellee and O. W. Luginbyhl, and of the scrivener who drew the instrument. That such deed was executed and delivered under such mutual mistake, without notice or knowledge on the part of either party thereto. That, if appellee is mistaken in the allegation that the omission from the deed was due to a mutual mistake, then he alleges that he himself was mistaken as to the contents of said instrument, and, if O. W. Luginbyhl had knowledge of such mistake at the time of the delivery of the deed, he did not mention such fact, but fraudulently concealed it from appellee. That appellee did not discover said mistake until in the month of May, 1926. That his failure to discover said mistake prior to that time was not due to negligence or a failure to exercise ordinary care in such matter. That, between the date of the contract made with O. W. Luginbyhl and the date of the deed to O. W. Luginbyhl, appellee leased the oil, gas, and mineral rights on the north half of said section 27 to Harry D. Day, for a period of ten years. That such lease was made with the knowledge and consent of O. W. Luginbyhl. That, at the time the deed was executed, the land was still under said lease, and the lessee thereunder continued to pay the rentals to appellee with the knowledge and consent of, and without objection by, O. W. Luginbyhl. That, some time during the month of May, 1926, the lease to Harry D. Day, or a large portion thereof, was forfeited for nonpayment of rentals, and appellee entered into a contract with the Gulf Production Company, to lease such forfeited portion to it. That he furnished an abstract to said purchaser, and, upon an examination thereof, he was advised by the purchaser that in the deed to O. W. Luginbyhl he had conveyed the oil, gas, and mineral rights on the north half of said section 27, and that this was the first notice or knowledge he had of the mistake. That he immediately called the attention of O. W. Luginbyhl to said mistake, who promised then and at various times thereafter to correct such mistake, but finally failed and refused to do so. That, immediately after appellee called the attention of O. W. Luginbyhl to the mistake in the deed of conveyance, he, joined by his wife, executed and delivered to F. M. Luginbyhl a purported oil and gas lease to the north half of said section No. 27, less 20 acres thereof. That F. M. Luginbyhl, at the time, had notice of appellee's claim to the mineral rights on and under said land, and said lease from O. W. Luginbyhl and wife to F. M. Luginbyhl was executed, delivered, and received with full knowledge and notice of appellee's claim, and for the purpose of defrauding appellee of his rights.

That, if appellee be mistaken in alleging that F. M. Luginbyhl had notice of the claim of appellee, and took under such circumstances as to defeat appellee's title to the minerals, then, and in such event, he asked for damages against O. W. Luginbyhl in the sum of $32,000.

Appellee sought to reform the deed to O. W. Luginbyhl, cancel the purported lease from O. W. Luginbyhl and wife to F. M. Luginbyhl, and, in the alternative, to recover damages against O. W. Luginbyhl in the sum of $32,000.

The appellants answered by general demurrer, special exceptions, general denial, pleaded that the written contract between

appellee and O. W. Luginbyhl had been abandoned before the execution of the deed; that appellee, by the exercise of ordinary care, could and would have discovered the mistake at the time of the execution of the deed, and the statutes of three, four, five, and ten years' limitation, and cross-action against appellee to recover title and possession of the oil, gas, and mineral rights under the north half of said section 27, and to confirm and quiet title in O. W. Luginbyhl.

In response to special issues submitted by the court, the jury found, in effect, that it was the intention and agreement of appellee and O. W. Luginbyhl, at the time the deed was executed, that such deed should reserve the oil, gas, and mineral rights in the north half of said section 27 to appellee; that said parties unintentionally, and by mutual mistake, failed to insert in the deed the clause reserving to appellee the oil, gas, and mineral rights on said land; that appellee did not discover that the deed did not contain the reservation of the mineral rights more than four years before June 4, 1927; that, from all the facts and circumstances, the appellee, by the exercise of ordinary diligence, should not have discovered, more than four years prior to June 4, 1927, that said deed did not contain such reservation of the mineral rights; that the contract dated October 24, 1919, was not abandoned by appellee and O. W. Luginbyhl before the execution of the deed on July 23, 1920; that F. M. Luginbyhl did not pay valuable consideration for the oil and gas lease from O. W. Luginbyhl, and that, at the time of the execution of the lease from O. W. Luginbyhl and wife to him, F. M. Luginbyhl had notice that appellee was claiming the mineral interest in said land; that the reasonable market value of the land leased by O. W. Luginbyhl to F. M. Luginbyhl was $25 per acre.

Upon these findings the court decreed that the deed from appellee to O. W. Luginbyhl be reformed, as prayed for, reserving to appellee the oil, gas, and mineral rights to the north half of said section 27, and that the lease from O. W. Luginbyhl to F. M. Luginbyhl be canceled, and that appellants take nothing by reason of their cross-action, from which judgment this appeal is prosecuted.

■ The appellants assign as error the action of the trial court in overruling their special exceptions to appellee's petition, because it did not allege a sufficient reason for appellee's failure to discover the mistake in the deed sought to be reformed prior to May, 1926, and that the allegation that O. W. Luginbyhl promised orally to correct the mistake was an allegation to convey real estate not binding under the statute of frauds. The record does not contain any order made and entered upon the minutes of the court, showing that such exceptions were acted upon by the trial court, and hence, if such was error, it is waived. C. I. Headley et al. v. A. T. Obenchain, 33 Tex. 682; Phœnix Insurance Co. v. Boren, 83 Tex. 97, 18 S. W. 484; Gardner et al. v. Dorsey (Tex. Civ. App.) 272 S. W. 266.

■ The notation of a trial judge on his docket is not a part of the judgment or record where not entered on the minutes, and is not properly included as a part of the transcript. Hudgins v. T. B. Meeks Co., Inc. (Tex. Civ. App.) 1 S.W.(2d) 681; Cow Bayou Canal Co. v. Orange County (Tex. Civ. App.) 158 S. W. 173.

■ The allegation that O. W. Luginbyhl promised to correct the error in the deed was a circumstance bearing upon the mutuality of the mistake of the parties in failing to make the reservation of the mineral rights in the deed, and was not subject to the exception urged.

■ In cases of mistake, limitation begins to run from the time the mistake is discovered or from the time it should have been discovered by the exercise of such diligence as would be exercised by a man of ordinary prudence. Mason v. Peterson et al. (Tex. Com. App.) 250 S. W. 143; Smalley v. Vogt (Tex. Civ. App.) 166 S. W. 1; Oldham et al. v. Medearis et al., 90 Tex. 506, 39 S. W. 919.

Under the allegations in appellee's petition, there was no fact nor circumstance to arouse his suspicion relative to the omission from the deed, and, in order to set in operation the statute of limitation, there must be some fact or circumstance to put him on inquiry. Authorities supra. Hence it is our opinion that, if the assignments properly presented the errors complained of, the court did not commit reversible error in overruling the exceptions.

■ The appellants challenge as erroneous the definition of the court, given in connection with the submission of the issue of consideration, to the effect that a credit on prior indebtedness, or an unperformed promise, is not, in law, a valuable consideration, but payment of cash would be a valuable consideration. It is apparently well settled that credit on a pre-existing indebtedness in transactions relative to land is not such a consideration as will support the plea of innocent purchaser. Bonner v. Grigsby, 84 Tex. 330, 19 S. W. 511, 31 Am. St. Rep. 48; McKamey v. Thorp, 61 Tex. 648.

■ The jury having found that F. M. Luginbyhl, at the time of the execution and delivery to him of the oil and gas lease by O. W. Luginbyhl, had notice of the appellee's claim to the mineral interest in the land, would, in any event, render immaterial the definition of valuable consideration given by the court.

■ The appellants present as error the action of the court in permitting one of the attorneys for appellee, over appellants' objection, to read certain allegations from appellee's petition and state that appellee, if on

the stand, would testify to the allegations, as read. Appended to this bill of exception is an explanation by the court, stating, in effect, that one of the attorneys for appellants, in his argument, had asserted that appellee was not claiming, or was too good a man to claim, that O. W. Luginbyhl had made a mistake or was guilty of fraudulent concealment, and that he had not testified to such facts; that, in reply to this argument, the attorney for appellee read certain excerpts from the petition, but that said attorney did not say, in his argument, that appellee would swear, if he were on the stand, that such were the facts. This bill of exception, as modified by the court, does not present reversible error.

The appellants, by proper assignments, challenge as error the action of the trial court in refusing to direct a verdict in their behalf, and in submitting any issue of fact to the jury, because the uncontroverted testimony entitled them to a peremptory instruction, and was insufficient to warrant the findings of the jury on the issues submitted.

The record discloses that on October 29, 1919, the appellee and O. W. Luginbyhl made and entered into a written contract, by the terms of which the appellee, as owner, was to sell and convey to said Luginbyhl section 27, Block M–23, Texas Central Railroad Company land in Hutchinson county, Tex.; that the contract expressly provided that appellee was to reserve the oil, gas, and mineral rights under the north half of said survey 27, and that such reservation was to be specified in the deed of conveyance from him to O. W. Luginbyhl. On July 23, 1920, appellee executed a deed to O W. Luginbyhl for said land, but the deed failed to reserve the mineral rights to appellee on the north half of said survey. The record tends to show that the date of the consummation of this contract was extended from time to time, and that, at the time of the execution of the deed, this contract was in the hands of the scrivener who drew the deed, having been furnished to him by one or both of the parties; that the conveyance was to O. W. Luginbyhl. Hence the presumption prevails that the property conveyed became community property; that there was no material change made in the original contract, and that neither appellee nor O. W. Luginbyhl discovered, at the time the deed was executed, that the clause reserving the mineral rights to appellee had been omitted therefrom; that, after the contract of sale was entered into, and before the deed was executed, appellee leased the mineral rights to the north half of said section of land, collected the consideration therefor, and continued to collect the rentals thereon several years after the execution of the deed; that O. W. Luginbyhl leased the mineral rights to the south half of said section, but stated, in April, 1926,

that the mineral rights on the north half of the section belonged to the appellee; that appellee did not discover the mistake until May, 1926, and thereafter promptly called the attention of O. W. Luginbyhl thereto, who stated that, before he signed any instrument or contract relative to such mineral rights, he desired to consult his brother; that, within a day or two after such conference, he leased the mineral rights to the north half of said survey to his brother, F. M. Luginbyhl, for a consideration of $500 credit on past indebtedness, and possibly the payment of $20 in cash, and an oral promise that his brother would secure the drilling of a well upon the lease; that the mineral rights on the land, at the time it was leased by O. W. Luginbyhl to F. M. Luginbyhl, were of the value of $25 per acre.

Without making a more complete statement of the facts and circumstances authorizing the findings of the jury on the issues submitted, we deem the above sufficient to disclose that the verdict of the jury has sufficient support in the testimony.

The judgment is affirmed.