## TROELL v. CALLAWAY.

### No. 10839.

Court of Civil Appeals of Texas. San Antonio.

Jan. 8, 1941.

Rehearing Denied Feb. 26, 1941.

R. R. Smith, of Jourdanton, and A. R. Troell, of Pleasanton, for appellant.

A. N. Steinle, of Jourdanton, and J. R. Garnand, of Pleasanton, for appellee.

NORVELL, Justice.

This is an action in trespass to try title brought by appellant, Chas. T. Troell, against appellee, J. J. Callaway, for the recovery of the East 25 feet of Original Lot No. 36 of the Town of Pleasanton. Trial was to a jury, and upon its answer to one special issue judgment was rendered for Callaway.

On April 11, 1930, Wallis McCoy owned Lots Nos. 38 and 40, and the East 25 feet of Lot 36, of the town of Pleasanton, and on said date he executed a deed of trust covering Lots 38 and 40 to John C. Berry, trustee, for the benefit of J. H. Berry, securing an indebtedness of $375. This indebtedness was not paid and the trustee conveyed the two lots to J. H. Berry by trustee's deed dated June 2, 1931. Berry conveyed the property to Callaway by deed dated August 18, 1934.

On the 7th day of March, 1939, Wallis McCoy conveyed the East 25 feet of Lot 36 to appellant, Chas. T. Troell. This tract is adjacent to the tract covered by the Berry deed of trust. On April 26, 1939, Troell filed this suit.

The appellee pleaded the ten-year statute of limitation, Article 5510, Vernon's Tex. Civ.Stats., and that "Wallis McCoy about the 2nd day of June, 1931, delivered the adverse possession of said property to one J. H. Beery" and "that the aforesaid Wallis McCoy, about the 2nd day of June, 1931, abandoned to said J. H. Berry, the title and possession of the property involved in this suit and never asserted any claim thereto, until he purportedly conveyed" the property to appellant.

The jury found that on or about June 2, 1931, Wallis McCoy did "deliver to J. H. Berry the adverse possession" of the tract of land here involved.

In our opinion, the judgment should have been rendered for appellant as the holder of the record title. As above point-

ed out, Wallis McCoy, prior to June 2, 1931, held the fee simple title to all of Lots Nos. 38 and 40, as well as that part of Lot 36 now in controversy. His possession as the owner in fee simple could not be tacked upon the subsequent possession of Berry and Callaway in order to make out the prescriptive period designated by Article 5510. Evans v. Berlocher, 83 Tex. 612, 19 S.W. 158; 2 Tex.Jur. 166, sec. 87. Certainly, Wallis McCoy, the possessor, can not be considered as holding adverse to Wallis McCoy, the record owner.

It is the duty of this Court to render the judgment which should have been rendered by the trial court, and accordingly the judgment of the trial court is reversed and judgment here rendered that appellant recover of appellee the title and possession of the tract of land in controversy, together with his rents in the amount stipulated by the parties.

Reversed and rendered.