Roscoe M. GRANT and wife, Appellants,

v.

H. A. TENNEY and wife, Appellees.

No. 12724.

Court of Civil Appeals of Texas.

San Antonio.

July 7, 1954.

Hamblen & Bobbitt, Houston, Clarke C. Wren, Rockport, W. J. Mills, Houston, for appellants.

Fischer, Wood, Burney & Nesbitt, Corpus Christi, Emory Spencer, Rockport, for appellees.

NORVELL, Justice.

This action was instituted by appellants as plaintiffs to recover title and possession of Lot No. 53, of the Copano Village Subdivision of lands situated in Aransas County, Texas. The appellees answered asserting that a deed from F. G. Huffman and wife to appellants described Lot 53 by mistake. Huffman intervened in the suit. It is unnecessary to mention other parties who appeared in the trial court as their rights are not involved in this appeal. After a hearing before the court without a jury, judgment was rendered supporting appellees' contention that the designation of the lot number in the deed from Huffman to Grant as Lot No. 53, was the result of a mutual mistake. A take nothing judgment was rendered against Grant, while Tenney was awarded title to the disputed lot. The trial judge filed findings and conclusions, from which it appears that shortly before May 28, 1945, F. G. Huffman agreed to sell Roscoe M. Grant Lot No. 55 of the Copano Village Subdivision for $800.00. Through mutual mistake, however, the lot number actually placed in the written conveyance dated May 28, 1945, was number 53. On May 3, 1946, Huffman conveyed Lot No. 53 of Copano Village to H. A. Tenney, who immediately went into possession and made valuable improvements thereon.

From the standpoint of appellees as defendants and cross-plaintiffs below, this suit is essentially one to remove cloud from title. They were in possession of the property, contending that the description in the prior deed to Grant was the result of a mutual mistake and the trial court's finding in accordance with this contention constitutes the basis of appellees' successful defense and the affirmative relief granted to them.

Appellants, by their first point, assert that the evidence is insufficient to support the finding of mutual mistake. This point raises a fact question, Hall Music Co. v. Robinson, 117 Tex. 261, 1 S.W.2d 857; Liberty Film Lines v. Porter, 136 Tex. 49, 146 S.W.2d 982; King v. King, 150 Tex. 662, 244 S.W.2d 660, and is controlling in the disposition of this appeal.[1]

Huffman testified that the two lots which he pointed out to Grant and which Grant agreed to buy, were Lots Nos. 54 and 55 of Copano Village. It appears that the subdivision lies approximately south of Copano Bay and that Lots 53 and 54 and 55 are oblong in shape, with the narrow end fronting on the bay. All three lots contain approximately an acre and a half. Lots 53 and 55 are adjacent to Lot 54, with Lot 53 lying to the east and Lot 55 to the west thereof. Huffman said that he kept a record of lots sold and unsold in the subdivision and made an entry therein showing that Lots 54 and 55 had been sold to Grant. He also testified that there was a slough upon Lot 55 and remembered that Grant stated at the time of the sale that he would have the slough filled in. Emory Spencer, a lawyer, testified that Mr. Huffman told him he had sold Lots 54 and 55 to Grant and instructed him to prepare the necessary deed and title papers to evidence the transaction, but that in drawing such papers he had mistakenly used the figure 53 instead of 55. It was also shown that in

1. The trial judge's findings that appellees were entitled to recover under the real property statutes of limitations can not be sustained. The possession of Tenney can not be tacked on to that of Huffman, the common grantor of both Grant and Tenney, and the ten-year statute will not run in eight years. Troell v. Callaway, Tex.Civ.App., 147 S.W.2d 1111.

January of 1948, Grant executed an oil and gas lease in which the property was described as Lots 54 and 54 of Copano Village. Later, in April of the same year, this defective description was changed by a correction lease, signed by Grant, describing the property as Lots Nos. 54 and 55. It likewise appears from rendition sheets introduced in evidence that in 1948 and 1949 Grant rendered Lots Nos. 54 and 55 for taxation purposes.

In our opinion, the evidence adduced upon the trial and briefly referred to above was sufficient to raise a fact issue for the determination of the trial court despite Grant's testimony that he at all times intended to purchase Lot No. 53 from Huffman. This is a case of conflicting evidence and the trial judge's decision is binding on this Court. 3-B, Tex.Jur. 449, Appeal and Error, §§ 939–941.

Appellees' contention that the deed to Grant was inferior and subordinate to their claim of title to Lot 53 was not barred as a matter of law. This is true whether we regard the matter of mutual mistake as having been raised defensively or offensively by appellees, or whether we consider that a question of an equitable title or an equitable right only is involved. See, Barker v. Coastal Builders, Tex.Sup., 271 S.W.2d 798, particularly the concurring opinion by Mr. Justice Wilson and the dissenting opinion by Mr. Justice Garwood. The trial judge refused to find from the evidence that appellees' claim was barred by limitation, although expressly requested to do so. If appellees' claim of mutual mistake be the affirmative assertion of an equitable right only, the limitation issue presented was one of fact which has been resolved against the appellants. Appellees were not the grantors in the deed to Grant and the four-year statute of limitation, Art. 5529, Vernon's Ann.Tex.Stats. (which would bar an equitable right), would not begin to run until the mistake was discovered or until it should have been discovered by the exercise of such diligence as would be exercised by a man of ordinary prudence. Mason v. Peterson, Tex.Com.

App., 250 S.W. 142, 143; Luginbyhl v. Thompson, Tex.Civ.App., 11 S.W.2d 380. While the fact that the deed to Grant describing Lot 53 was of record might be a circumstance bearing upon the question of reasonable diligence, it would not in itself start the running of the statute any more than a like mistake in a deed would necessarily bar a grantee from reformation within four years after the execution of the deed. Maxey v. Patterson, Tex.Civ.App., 82 S.W.2d 386; Clopton v. Cecil, Tex.Civ. App., 234 S.W.2d 251.

In view of the holdings above set forth, we need only say with reference to appellees' alternative claim of improvements in good faith that we consider that the trial judge's findings relating thereto have support in the evidence. We make this holding in order to pass upon all matters raised by appellants' brief coming peculiarly within our factual jurisdiction. Article 5, § 6, Vernon's Ann.St.Constitution of Texas.

The judgment appealed from is affirmed.