James G. MARSHALL, Appellant,

v.

Tom N. HUTCHINSON, Appellee.

No. 7156.

Court of Civil Appeals of Texas.

Amarillo.

May 28, 1962.

Campbell, Brock, Wright & Waters, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellee.

NORTHCUTT, Justice.

Tom N. Hutchinson, appellee, brought this action for reformation of a deed against James G. Marshall, appellant, and to recover an undivided one-half interest in and to a tract of land, 200 x 250 feet, lying and situated within the corporated limits of the City of Lubbock, Texas, and to partition the said tract. The case was tried before the court without a jury, and the trial court rendered judgment against the appellant reforming the General Warranty Deed from appellee to appellant so as to permit recovery of the undivided one-half interest of the tract of land by the appellee. The trial court further entered its order finding the property susceptible of partition in kind and appointing commissioners to partition said tract. From this judgment the appellant has perfected this appeal. For convenience Mr. Marshall will hereafter be referred to as appellant and Mr. Hutchinson as appellee.

On October 6, 1953, Standard Building Company sold the land here in question to Tom N. Hutchinson for the consideration of $4000.00. The $4000.00 consideration was evidence by Hutchinson executing his vendor's lien note payable to the said Standard Building Company. On October 21, 1954, Hutchinson deeded the same property to James G. Marshall for the consideration that Marshall would pay one-half of the $4000.00 payable to Standard Building Company. Hutchinson contends that the deed to Marshall should have covered only an undivided one-half of the property instead of all of it, but that by mutual mistake the deed was drawn covering all the property. This suit was originally filed by this appellee on August 6, 1960 for the reformation of the deed dated October 21, 1954 from Hutchinson to Marshall. Appellant's sole contention here is that the appellee's cause of action is barred by the four year Statute of Limitations.

After the court entered its judgment, the appellant requested the court to state in writing and to file such findings of fact and conclusions of law. The trial court complied with such request and found as a fact that prior to October 21, 1954, the

appellant proposed to the appellee that appellee sell to appellant an undivided one-half interest in the tract of land here involved for the consideration that appellant would assume one-half of the $4000.00 vendor's lien note; that the market value of the land on October 21, 1954 was substantially in excess of $4000.00; that appellant and appellee were close personal friends prior to October 21, 1954 and visited in each others homes and were closely associated together personally and in business affairs to such extent that appellee relied, and in the exercise of ordinary care, could and should have relied upon statements and representations of appellant; that on October 21, 1954 appellee agreed to convey to appellant an undivided one-half interest in the property here involved; that appellee and appellant, jointly, approached Mrs. Dayton and requested her to prepare a general warranty deed to convey an undivided one-half interest in the property to appellant as they had agreed; that Mrs. Dayton made a mistake, and in copying the description from a prior deed inadvertently and by mistake described the entire tract of land instead of an undivided one-half interest in and to said tract of land as she was requested to do; that Mrs. Dayton was not an employee of appellee, and the deed was not prepared by Mr. Howard (an attorney for whom Mrs. Dayton was working) and neither did he read it. The court made many other findings showing mutual mistake and as to why appellee acted in good faith and was not negligent in discovering the error before April 28, 1959, and as to the acts of appellant.

It is stated in 28 Tex.Jur., page 166 as follows:

"As in the case of fraud, it is the established rule that, when there has been mutual mistake, limitation begins to run against the injured party from the time the mistake is discovered or could have been discovered by the exercise of reasonable diligence."

See the many cases there cited.

We are unable, from this record, to believe that appellant even contends that he ever actually purchased more than one-half of the property here involved; but seeks to hold all of the land because it was deeded to him and the suit was not filed to correct the mistake until more than four years after the date of the deed. The trial judge further found that appellee was not guilty of any negligence or failure to exercise ordinary prudence in failing to discover the mistake and error in said deed dated October 21, 1954, executed by him to appellant from the date of the execution thereof up to and including April 28, 1959. This present suit was filed August 6, 1960, approximately fifteen months after discovering the mistake. The trial court held in the conclusion of law that the Statute of Limitations did not begin to run until April 28, 1959. We are unable to see, under this record, how the trial court could have found and held other than it did. Appellant, after knowing the deed transferred all of the property, acted in such manner towards the appellee as though the deed properly described only one-half of the property as they had agreed.

It is stated in 25 Tex.Jur. (2d series) at page 666, Section 35, as follows:

"If a man conceals a fact that is material to the transaction, knowing that the other party acts on the presumption that no such fact exists, it is as much a fraud as if the existence of the fact were expressly denied or the reverse of it expressly stated. Concealment, in such a case, is the equivalent of an indirect representation that the fact does not exist; it differs from a direct false statement only in the mode in which it is made."

It is well established in this state that the Statute of Limitations does not begin to run against a suit to reform a deed for mutual mistake until the mistake has been discovered or could have been discovered by the exercise of reasonable diligence. Clopton v. Cecil, Tex.Civ.App., 234 S.W.2d

251, Writ Ref. N.R.E.; Alvis et ux. v. McDonald et al., Tex.Civ.App., 282 S.W.2d 425, Writ Ref. N.R.E.; Hutchins et al. v. Birdsong, Tex.Civ.App., 258 S.W.2d 218. Judgment of the trial court is affirmed.