

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00028-CV
_____

NANCY WIGLEY, APPELLANT

V.

GREGORY WILLEMS, APPELLEE

On Appeal from the 12th District Court
Madison County, Texas
Trial Court No. 10-12380-012-06; Honorable Donald L. Kraemer, Presiding

September 19, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Nancy Wigley, sued Appellee, Gregory Willems, seeking to reform a deed to accurately reflect what she alleges was their agreement concerning the reservation of a mineral interest. Presenting a single issue, she challenges the trial court's order granting summary judgment in favor of Appellee, Gregory Willems, based upon a limitations defense. We reverse and remand.

BACKGROUND

On July 29, 2005, Wigley and Willems entered into a Farm and Ranch Contract for the sale of 48.46 acres of improved land located in Madison County. Each party was represented by a realtor working for the same realty company. The signed contract provides for reservations as follows: "seller to convey ½ interest in all mineral rights owned and 100% of the surface rights." According to Wigley, she only *owned* one-half of the mineral interests and her intent was to reserve one-half of her half, i.e., one-fourth, and convey the remaining one-fourth to Willems. Imogene Isaac Weatherford owned the other one-half of the mineral interests. Willems paid $500 in earnest money to a title company and the sale closed on September 19, 2005, with the parties signing a warranty deed.[1] Neither party reviewed the deed with assistance of counsel prior to its execution.

Six months after executing the deed, on March 8, 2006, Willems entered into an oil and gas lease with KCS Resources, later bought by PetroMax. A Lease Purchase Report showed the term of the lease was for three years on 48.46 acres with a mineral interest of fifty percent. The report also showed that Weatherford owned the remaining mineral interest of fifty percent.

Notwithstanding the conveyance provisions of the sales contract, the warranty deed executed by the parties failed to reserve to Wigley any portion of the minerals. Wigley discovered the omission in December 2009, more than four years after executing the deed, when former neighbors and friends who own property near the

---

[1] According to the record, the title company involved in closing the sale went out of business.

property in question informed her they had leased their property for drilling operations. Wigley contacted Gene Carpenter, a petroleum landman, and inquired about the leasing status of her former property. He informed her that the warranty deed did not contain a mineral reservation and advised her that a landman "goes strictly on what's on the deed" regarding royalty payments.

Wigley sought the services of an attorney and executed a "Correction Warranty Deed with Vendor's Lien." When Willems refused to sign the corrected deed, on August 3, 2010, Wigley sued to reform the original deed to reflect the agreement of the parties as reflected in the Farm and Ranch Contract. She alleged the omission of the mineral reservation was a mutual mistake. She also alleged that if Willems was not mistaken about the omission, he intentionally remained silent, thereby engaging in inequitable conduct. Willems filed a general denial and also plead the statute of limitations as an affirmative defense.[2]

Wigley filed a traditional motion for summary judgment alleging as the basis that Willems's untimely discovery answers were deemed admitted under the Texas Rules of Civil Procedure. Willems responded by filing an amended traditional and no-evidence motion for summary judgment asserting the affirmative defense of statute of limitations. Willems's position was that there was no evidence of any exceptions to defer commencement of limitations. He also criticized Wigley's failure to engage counsel to review the documents involved in the sale and noted that limitations had run on any causes of action against any entity involved with the sale.

---

[2] TEX. CIV. PRAC & REM. CODE ANN. § 16.051 (West 2008). An action for reformation of a deed must be brought not later than four years after the day the cause of action accrues.

Wigley filed a response challenging the hybrid motion. She alleged Willems had not shown the lack of a genuine issue of material fact concerning the commencement of limitations or entitlement to judgment as a matter of law. She further alleged Willems had knowledge of the mistake when, just six months after executing the deed, he entered into an oil and gas lease with KCS Resources. According to Wigley, a Lease Purchase Report drafted in connection with that lease showed Willems's share of the minerals was fifty percent of the total mineral interest under the 48.46 acres sold. She further asserted Willems negotiated a "no drill clause" in the lease for the purpose of inhibiting her from gaining notice of oil and gas operations on the property she sold.

According to the petroleum landman's deposition, a rig adjacent to Wigley's former property was visible for approximately one month before being taken down, and the remaining well was not visible from the roadway. Thus, Wigley was unable to view any oil and gas activity in the area and had no notice of oil and gas operations on the property in question. She concluded in her response that Willems either knew of the mistake at the time the deed was executed and remained silent or remained silent after discovering the mistake. After considering the competing motions, the trial court granted Willems's hybrid motion.

## STANDARD OF REVIEW

We review the granting of a motion for summary judgment *de novo*. *Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013) (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). "In reviewing a summary judgment, we consider all grounds presented to the trial court and preserved on appeal in the interest of judicial

4

economy." *Diversicare Gen. Partner*, *Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). That said, issues not expressly presented to the trial court by written motion, answer or other response are not considered on appeal as grounds for reversal. TEX. R. CIV. P. 166a(c). When the trial court does not specify the grounds for its ruling, a summary judgment will be affirmed if any of the grounds presented in the motion are meritorious. *Merriman v. XTO Energy*, *Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

The party moving for a traditional summary judgment bears the burden of proving his entitlement thereto as a matter of law. *Roskey v. Texas Health Facilities Com.*, 639 S.W.2d 302, 303 (Tex. 1982). Summary judgment is appropriate when there is no genuine issue as to any material fact and judgment should be granted in favor of the movant as a matter of law. *Diversicare Gen. Partner*, *Inc.,* 185 S.W.3d at 846. A fact issue exists if there is more than a scintilla of probative evidence. TEX. R. CIV. P. 166a(c), (i). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Merrell Dow Pharmaceuticals v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997), *cert. denied,* 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed. 2d 939 (1998). In conducting our review, we are required to review the summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference, and all doubts are resolved against the movant. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (citing *City of Keller*, 168 S.W.3d at 823).

When both parties move for summary judgment, each party must conclusively establish it is entitled to judgment as a matter of law. *Guynes v. Galveston*, 861 S.W.2d 861, 862 (Tex. 1993). Neither party can prevail because of the failure of the other to

discharge its burden. *Tigner v. First National Bank of Angleton*, 153 Tex. 69, 264 S.W.2d 85, 87 (Tex. 1954). If the trial court grants one summary judgment and denies the other, the reviewing court should review both parties' summary judgment evidence and determine all questions presented. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). The reviewing court should render the judgment the trial court should have rendered. *Id.*

## ANALYSIS

By a sole issue, Wigley contends the trial court erred in granting Willems's motion for summary judgment. We agree.

Generally, a grantor is charged with knowledge of the provisions of his deed upon executing it and, for purposes of reformation of that deed, limitations begins to run from the date of execution. *Sullivan v. Barnett*, 471 S.W.2d 39, 45 (Tex. 1971); *Givens v. Ward*, 272 S.W.3d 63, 72 (Tex. App.—Waco 2008, no pet.); *Kennedy v. Brown*, 113 S.W.2d 1018, 1020 (Tex. Civ. App.—Amarillo 1938, writ dism'd w.o.j.). Equity and justice being the ultimate aims of all rules of law, courts have not always been rigid in application of this general rule. *Sullivan*, 471 S.W.2d at 45. For example, the general rule is riddled with exceptions under various circumstances which makes it rebuttable. *Id.* at 45.

One such exception was recognized in *Brown v. Havard*, 593 S.W.2d 939 (Tex. 1980). *Brown* involved a suit for declaratory judgment to determine the extent of royalty reserved to the grantors of a deed. The trial court determined that reformation of the deed was barred by limitations as a matter of law and granted judgment *non obstante*

6

*veredicto* in favor of the grantors. The appellate court reversed the trial court's judgment, 577 S.W.2d 757 (Tex. Civ. App.—San Antonio 1979), and the Supreme Court affirmed that reversal citing *Sullivan*. *Brown*, 593 S.W.2d at 944. The Court held that "the statute of limitations commenced to run . . . for reformation when the mistake was or, in the exercise of reasonable diligence, should have been discovered." *Id.* As such, the question of when the mistake should have been discovered was held to be a question of fact to be determined on a case by case basis. *Id.* at 943-44.

Willems's argument is based on the four year statute of limitations and the presumption that limitations commenced upon execution of the deed. He maintains he was rightfully entitled to summary judgment as a matter of law because Wigley failed to file suit to reform the deed within four years of that date. However, as noted above, commencement of limitations on the date of execution is not a bright-line rule. *Cade v. Cosgrove*, 430 S.W.3d 488, 496 (Tex. App.—Fort Worth 2014, pet. filed). It is, instead, merely a rebuttable presumption. *Sullivan*, 471 S.W.2d at 45.

In *Luginbyhl v. Thompson*, 11 S.W.2d 380 (Tex. Civ. App.—Amarillo 1928, writ dism'd w.o.j.), this Court upheld a trial court's judgment reforming a deed to reflect the agreement of the parties in a suit filed six years after the date of execution. There, the contract called for the grantor to reserve one-half of the mineral rights and, before executing the deed, the grantor leased the mineral rights he intended to reserve. After executing the deed, the grantor continued to receive royalty payments under the lease. The deed omitted the grantor's intended mineral reservation and suit to reform the deed was not filed until six years after its execution. *Id.* at 382. This Court noted there were no circumstances to arouse the grantor's suspicion relative to the omission from the

7

deed and that in order to trigger the statute of limitations, "there must be some fact or circumstance to put him on inquiry." *Id.* at 382. In other words, *Luginbyhl* held that the limitations period for the grantor's claim for reformation commenced when the grantor discovered the mistake or when the grantor should have discovered it by the exercise of reasonable diligence, not from the date the grantor executed the deed. *Id.*

In *Kennedy*, this Court acknowledged the rule announced in *Luginbyhl*. Similar to the facts of the case before us, the sales contract in *Kennedy* provided for a mineral reservation which was omitted from the deed. 113 S.W.2d at 1020. The omission was not discovered for more than nine years and suit was filed alleging mutual mistake or error on the part of the scrivener who prepared the deed. *Id.* at 1019. This Court concluded the omission was due to mutual mistake when the deed was executed. *Id.* at 1020. However, in holding the aggrieved party to the presumption that he was charged with knowledge of the contents of his deed, this Court concluded "nine years extend[ed] far beyond the time that would be considered reasonable for a man of ordinary prudence to have discovered he had been deprived of valuable property rights . . . ."

Here, Wigley discovered the lack of a mineral reservation in December 2009, just four years and three months after execution of the deed in question.[3] She then pursued corrective measures which Willems rejected, forcing her to file suit in August 2010, eight months after discovery of the mistake. Considering Willems's negotiation of a no-drilling clause concerning the surface of the transferred property, the petroleum landman's testimony that Wigley could not have seen drilling rigs on the adjacent property from the roadway and Willems's sworn testimony that the earliest opportunity to discover the

---

[3] The sale closed on September 19, 2005.

mistake was in December 2009, when she spoke with her former neighbors and learned they had leased their land for drilling operations, we find there to be fact issues relevant to when Wigley knew or should have known by the exercise of reasonable diligence that the deed contained a mistake, thereby precluding summary judgment in favor of Willems. *Brown*, 593 S.W.2d at 944. Wigley's issue is sustained.

## CONCLUSION

When faced with competing summary judgments, the general rule is that an appellate court should determine all questions presented and render the judgment the trial court should have rendered. *Texas Workers' Compensation Commission v. Patient Advocates of Texas*, 136 S.W.3d 643, 648 (Tex. 2004). However, because fact issues exist precluding summary judgment and neither Wigley nor Willems established entitlement to summary judgment as a matter of law, we remand the cause to the trial court for a determination of pertinent issues that rest in the disputed facts. *Sarandos v. Blanton*, 25 S.W.3d 811, 814 & n.5 (Tex. App.—Waco 2000, pet. denied). Accordingly, the trial court's order granting Willems's motion for summary judgment is reversed and the cause is remanded for further proceedings consistent with this opinion. *Tigner*, 264 S.W.2d at 87.

Patrick A. Pirtle
Justice

9